## FARREL v. WATERMAN S. S. CO. et al.

(District Court, S. D. Alabama. January 25, 1923.)

1. **Admiralty** ⊚⟶20—**Suit for injury to stevedore is within maritime jurisdiction.**

    The work of a stevedore is of maritime character, and a suit for his injury is within the maritime jurisdiction.

2. **Admiralty** ⊚⟶1—**Constitutional law** ⊚⟶56—**Congress without power to provide that state laws shall affect uniformity of maritime law, or deprive District Courts of their jurisdiction.**

    Under Const. art. 3, § 2, providing that "the judicial power shall extend to * * * all cases of admiralty and maritime jurisdiction," Congress is without power to deprive the District Courts of their jurisdiction to pass on all maritime torts unless it is conferred on some other federal court, or to authorize the states to pass compensation laws, which will affect the uniformity of the maritime law.

3. **Constitutional law** ⊚⟶56—**Act making remedy under state law for maritime torts exclusive held unconstitutional.**

    Act June 10, 1922, amending Jud. Code § 24(3), by providing that rights and remedies given by state compensation laws for injuries to or death of persons other than seamen shall be exclusive, *held* unconstitutional, in so far as it excludes from the jurisdiction of the District Courts actions for injuries to stevedores.

In Admiralty. Suit by Phillip Farrel against the Waterman Steamship Company and others. On exceptions to libel. Overruled.

Jesse F. Hogan, of Mobile, Ala., for libelant.

Aubrey Boyles, U. S. Atty., and Pillans, Cowley & Gresham, all of Mobile, Ala., for the United States and Shipping Board Emergency Fleet Corporation.

Smiths, Young, Leigh & Johnston, of Mobile, Ala., for Ryan Stevedoring Co.

Pillans, Cowley & Gresham, of Mobile, Ala., for Waterman Steamship Corporation.

ERVIN, District Judge. This is a libel filed by Farrel against all the defendants, except the Ryan Stevedoring Company, wherein he claims damages for an injury sustained by him while working as a stevedore or longshoreman in loading the steamship Afoundria in the city of Mobile. The Ryan Stevedoring Company was made a party respondent on the petition of the United States, setting up that they were the stevedores who loaded the vessel, and that they were put in complete charge of the vessel, her tackle, apparel, etc., before the time of the alleged injury.

On being brought in, the Ryan Stevedoring Company filed exceptions to the libel, raising the question that this court has no jurisdiction of this cause of action, because of the amendment to section 24 of the Judicial Code approved June 10, 1922 (42 Stat. 634). This amendment reads as follows:

    "Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants for compensation for injuries to or death of persons other than the master or members of the

crew of a vessel their rights and remedies under the Workmen's Compensation Law of any state, district, territory, or possession of the United States, which rights and remedies when conferred by such law shall be exclusive; of all seizures on land or waters not within admiralty and maritime jurisdiction; of all prizes brought into the United States; and of all proceedings for the condemnation of property taken as prize: Provided, that the jurisdiction of the District Courts shall not extend to causes 'arising out of injuries to or death of persons other than the master or members of the crew, for which compensation is provided by the Workmen's Compensation Law of any state, district, territory, or possession of the United States."

The Constitution says:

"Art. 3, § 1. The judicial power of the United States, shall be vested in one Supreme Court, and such inferior courts as the Congress may from time to time ordain and establish."

"Sec. 2. The judicial power shall extend to * * * all cases of admiralty and maritime jurisdiction."

The admiralty courts therefore derive their jurisdiction, not from the act of Congress creating them, but from the constitutional declaration that the judicial power shall extend to "all cases of admiralty and maritime jurisdiction."

"The question as to the true limits of maritime law and admiralty jurisdiction is, undoubtedly, as Chief Justice Taney intimates, exclusively a judicial question, and no state law or act of Congress can make it broader, or (it may be added) narrower, than the judicial power may determine those limits to be. But what the law is within those limits assuming the general maritime law to be the basis of the system, depends on what has been received as law in the maritime usages of this country, and on such legislation as may have been competent to effect it." The Lottawanna, 88 U. S. (21 Wall.) 576, 22 L. Ed. 654.

It is conceded that Congress has power to fix and determine and to alter and amend the admiralty and maritime law. The Lottawanna, 88 U. S. (21 Wall.) 576, 22 L. Ed. 654; So. Pacific Co. v. Jensen, 244 U. S. 214, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. But under the constitutional provisions the admiralty court must have jurisdiction of this admiralty and maritime law as so altered or amended. It is one thing to make or alter a law, and quite another thing to declare what it is as written. The one is legislative, the other judicial. It is one thing to write a law, and quite another to declare by what tribunal it shall be construed.

The Constitution gave one of these functions to the Legislature, and the other to the courts. Congress has no more right or power to take away from the federal courts their jurisdiction to hear and construe the laws than the courts have to assume the power to write the laws. That the maritime law referred to in the Constitution was the general uniform system in force when the Constitution was adopted is held in the Lottawanna and the Jensen Cases and in Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. In the Jensen Case it was held no state could change or alter this uniform system. In the Knickerbocker Case it was held that Congress could not delegate to the states the power to change or alter the uniformity of the system.

Even a casual reading of the reports both to the House and the Senate shows that this is just what the present amendment was intended to

do. The act makes the rights and remedies, when conferred by the state, territory or district, exclusive, after limiting such provisions to persons other than the master or members of the crew of a vessel. It then denies jurisdiction to the District Courts as to actions arising out of injuries to or death of persons other than the master or members of the crew, where compensation is provided for such person by the Workmen's Compensation Law of any state, district, or territory, but fails to confer this jurisdiction upon any other federal court. Some federal court must have jurisdiction of "all cases of admiralty and maritime jurisdiction." Martin v. Hunter, 1 Wheat. 326, 4 L. Ed. 97.

[1] The work of a stevedore is as much of a maritime character as that of a seaman. The Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; So. Pacific Co. v. Jensen, 244 U. S. 217, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. So it is as much within the jurisdiction of the admiralty courts. It is difficult to see how Congress could refer to the states the right to make varying provisions for stevedores, if they could not do so as to seamen.

It is urged upon me that the effect of the provisions of the amendment in declaring that the District Court shall have no jurisdiction as to certain things is to leave the field unoccupied as to those matters, and hence to authorize the states to occupy it by their compensation statutes. Speaking of the requirement of uniformity in the maritime law, it is said in the Knickerbocker Case, 253 U. S. on page 161, 40 Sup. Ct. 440 (64 L. Ed. 834, 11 A. L. R. 1145):

"The field is not left unoccupied, the Constitution itself adopted the rules concerning rights and liabilities applicable therein, and certainly these are not less paramount than they would have been if enacted by Congress."

[2, 3] I hold that under the foregoing authorities Congress had no power to deprive the District Courts of their jurisdiction to pass upon all maritime torts, unless it is conferred upon some other federal court, nor to authorize the states to pass Compensation Laws, so as to affect the uniformity of the maritime law. Hence the Act of June 10, 1922, is unconstitutional in each of these respects.

A decree will be entered, overruling the exceptions.