In the Matter of the Claim of LILLIAN E. STEWART, Respondent, against KNICKERBOCKER ICE COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — constitutionality of provision permitting awards for injuries received by employees engaged in maritime work.**

The provision of the Workmen's Compensation Law (Cons. Laws, ch. 67) giving to the commission jurisdiction over cases where injury was received in maritime employment is constitutional. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, distinguished.)

*Matter of Stewart* v. *Knickerbocker Ice Co.*, 187 App. Div. 915, affirmed.

(Argued April 8, 1919; decided April 29, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 21, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Frank R. Savidge, Frederick M. Thompson* and *Cleland R. Neal* for appellant. The decedent, William M. Stewart, was, at the time of his death, engaged in a maritime employment, under a maritime contract, upon navigable waters; jurisdiction over all claims in such cases is reserved by the Constitution of the United States to the Federal courts, and neither the state legislature nor Congress can erect a remedy to be administered by state courts or authorities. (*Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52; *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Matter of Anderson* v. *Johnson Lighterage Co.*, 224 N. Y. 1; *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of Keator* v. *Rock Plaster Co.*, 224 N. Y. 2; *The Roanoke*, 189 U. S. 185.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. The state industrial commission had jurisdiction to make the award in question. (U. S. Judicial Code, § 256; *Veasey* v. *Peters,* 77 So. Rep. 948; *Duart* v. *Simmons,* 121 N. E. Rep. 10.)

HISCOCK, Ch. J.    This is an appeal from an affirmance of an award made under the Workmen's Compensation Act for injuries received by one Stewart while engaged in helping to unrig a derrick on one of the defendant's barges. It is conceded that the work in which the injured man was engaged was of a maritime nature and upon that conceded fact the argument is made that our Workmen's Compensation Act is not applicable because it is in conflict with the Constitution of the United States and with the Federal statute passed thereunder. The attempt is made to support this argument almost exclusively by reference to the decision of the United States Supreme Court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205).

The *Jensen* case was one involving the applicability of our Workmen's Compensation Act to injuries received by a stevedore while engaged in helping to unload a vessel belonging to the Southern Pacific Railroad Company. The two questions which were considered by Judge MILLER in his opinion (215 N. Y. 514) were the ones whether our act was unconstitutional as depriving employers of property without due process of law, and second, whether it was in conflict with the Federal Constitution because attempting directly to regulate or impose a tax or burden on interstate or foreign commerce, the Southern Pacific Company, owner of the vessel, being concededly engaged in such commerce. He reached the conclusion, concurred in by all members of the court voting, that the act was not vulnerable in either of those respects. When the case reached the Supreme Court, however, a new question was argued and it was

held by a closely divided vote that inasmuch as the injured man was engaged in maritime work, our Compensation Act was violative of the United States Constitution as embodied in the Federal statutes adopted thereunder conferring jurisdiction in such a case upon the Federal courts.

In the prevailing opinion it was, amongst other things, in substance, written that the Constitution extended the judicial power of the United States " To all cases of admiralty and maritime jurisdiction " and conferred upon the Congress power " to make all laws which may be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States or in any department or officer .thereof " (p. 214); that under these provisions of section 9 of the Judiciary Act of 1789 the District Courts of the United States had been given " exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction; * * * saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it " (p. 215); and that this grant had been continued under the Judicial Code, sections 24 and 256; that the remedy given by our compensation statute was of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court and therefore not saved to suitors from the grant of exclusive jurisdiction under the foregoing statute. Proceeding upon these fundamental principles it was held that our act was in conflict with the Constitution as expressed in these statutes.

It was, however, recognized in the prevailing opinion that the general maritime law under which jurisdiction was reserved to the Federal courts might be changed, modified or affected by state legislation and that it was impossible to define with exactness just how far this might be done. The limitation which was placed upon this power was defined in the general proposition that

" no such legislation (by the State affecting maritime jurisdiction) is valid if it contravenes the essential purpose expressed by an Act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (p. 216.)

The enactment by the states of Workmen's Compensation Acts has become very general. Public sentiment has justified and demanded the enactment of these statutes as offering speedy and simple relief to injured workmen and their dependents and as being a positive and decided step in the interest of industrial welfare and of better relations between employers and employees. In recognition of this widespread public sentiment and realizing that it is desirable that the states should be given power to enact and administer such statutes as these, the Congress, since the decision of the *Jensen* case, has very materially modified the Federal statute under which it was held that our decision in the latter case could not stand. It has amended this statute so that it now saves from the jurisdiction of the Federal courts " to suitors in all cases the right of a common-law remedy when the common law is competent to give it, and to claimants the rights and remedies under the workmen's compensation law of any state."

In view of the close division of opinion amongst the learned justices of the Supreme Court, involved in the decision of the *Jensen* case, and in view of the concession made in the prevailing opinion that it was difficult to determine just how far the jurisdiction of the Federal courts in maritime matters might be limited or affected by such legislation, we think that we are justified in assuming that the Congress has acted within its powers under the Constitution when, after due consideration, it has confided to the states the power to enact and enforce Workmen's Compensation Acts in respect of injuries

received in the course of maritime employment. We think that it would be altogether an unjustifiable concession of lack of state jurisdiction in this field of compensation to injured workmen or their dependents, if, after this amendment by the Congress, we should hold that our statute was unconstitutional.

The order should be affirmed, with costs.

CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.