## EARLES v. HOWARD.

(District Court, D. Maine. October 5, 1920.)

No. 590.

Admiralty ⊙⇒21—Can entertain proceedings to recover for death under right given by state statute.

A court of admiralty can entertain a libel in personam to recover for instantaneous death resulting from a maritime tort, where the statute of the state in which the tort occurred created a right of recovery for such death, though no such right previously existed in admiralty.

In Admiralty. · Libel by Catherine Earles, as administratrix of the estate of George W. Cartledge, against Frank A. Howard. On motion to dismiss libel. Denied.

Paul E. Donahue. and Nathan W. Thompson, both of Portland, Me., for libelant.

Hinckley & Hinckley, of Portland, Me., for respondent.

HALE, District Judge. This case is now before me upon the respondent's motion to dismiss the libel: First, because, at the time of the injury set forth in the libel, there was no right of recovery in a court of admiralty of damages resulting from the instantaneous death of a person; second, that the libel claims the right of the libelant to recover against the defendant for the instantaneous death of the intestate, by virtue of a statute of Maine; that the libelant relies solely upon this statute of Maine; and the respondent says that the admiralty law is not changed by virtue of the law of Maine; and therefore that no case is stated of which the federal court in admiralty can take cognizance.

The libel is brought by force of the Revised Statutes of Maine, c. 92, §§ 9 and 10, for the instantaneous death of the intestate; while employed on a steamship in Portland Harbor; said death being occasioned by the alleged negligence of the respondent. The libel states a maritime claim, based upon a local law of Maine, and seeks to enforce same in this court.

In The H. E. Willard (C. C.) 52 Fed. 387, 389, Mr. Justice Gray, of the Supreme Court, sitting as Circuit Justice in the Circuit Court in the Maine District in 1892, said:

"When a right, maritime in its nature, has been created by the local law, the admiralty courts of the United States may doubtless enforce that right, according to their own rules of procedure. * * * But no state legislation can bring within the jurisdiction of those courts a subject not maritime in its nature"—citing, among other cases, The Corsair, 145 U. S. 335, 347, 12 Sup. Ct. 949, 36 L. Ed. 727; The Lottawanna, 21 Wall. 558, 575, 576, 580, 22 L. Ed. 654; The Orleans, 11 Pet. 175, 184, 9 L. Ed. 677; People's Ferry Co. v. Beers, 20 How. 393, 15 L. Ed. 961.

In Sherlock et al. v. Alling, Administrator, 93 U. S. 99, 104, 23 L. Ed. 819, the question arose on writ of error to a judgment in the state court of Indiana, and the action was based upon a statute sim-

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ilar to the statute of Maine now in question. In speaking for the Supreme Court, Mr. Justice Field said:

"But with reference to a great variety of matters touching the rights and liabilities of persons engaged in commerce, either as owners or navigators of vessels, the laws of Congress are silent, and the laws of the state govern, * * * Until Congress, therefore, makes some regulation touching the liability of parties for marine torts resulting in the death of the persons injured, we are of the opinion that the statute of Indiana applies, giving a right of action in such cases to the personal representatives of the deceased, and that, as thus applied, it constitutes no encroachment upon the commercial power of Congress."

In the City of Norwalk (D. C.) 55 Fed. 98, 103, 105, 106, Judge Addison Brown, of the New York District Court, discussed the question with great learning, citing the above cases and many others. Judge Brown's conclusion is that, although Congress is the competent body to make any needed changes in the general rules of the maritime law, this does not exclude state legislation upon matters of local concern of a maritime nature, and does not forbid general legislation by the states, applicable alike on land and water, in their exercise of the police power for the preservation of life and health, though incidentally affecting maritime affairs; provided that such legislation does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law.

In The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, an admiralty proceeding, effect was given as against a ship registered in Delaware, to a statute of that state which permitted recovery by an ordinary action for fatal injuries; the power of a state to supplement the maritime law to that extent was recognized; and it was said that, while the admiralty might not give a proceeding in rem, in such a case, it would give a proceeding in personam. This would not produce a lack of uniformity, for "courts constantly enforce rights arising from and depending upon other laws than those governing the local transactions of the jurisdiction in which they sit." And the court cited The Corsair and other cases which I have above cited.

The respondent relies upon a recent decision of the Supreme Court of the United States, in Knickerbocker Ice Co. v. Lillian E. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, decided in May, 1920. The matter presented to the Supreme Court in that case was this: William M. Stewart fell into the Hudson river, and drowned, August 3, 1918. His widow, defendant in error, claimed under the Workmen's Compensation Law of New York (Consol. Laws, c. 67); the Industrial Commission granted an award against the company for her and her minor children; and both the Appellate Division and the Court of Appeals approved it. Stewart v. Knickerbocker Ice Co., 226 N. Y. 302, 123 N. E. 382. The latter concluded that the reasons which constrained the court to hold the Compensation Law inapplicable to an employé engaged in maritime work (Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900) had been extinguished by "An act to amend sections twenty-four and two hundred and fifty-six of the Judicial Code, relat-

ing to the jurisdiction of the District Courts, so as to save to claimants the rights and remedies approved under the Workmen's Compensation Law of any state," approved October 6, 1917—chapter 97, 40 Stat. 395 (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 991 [3], 1233). The Supreme Court reversed the judgment of the Court of Appeals of New York state, on the ground that the "enactment [of New York state]. prescribes exclusive rights and liabilities, undertakes to secure their observance by heavy penalties and onerous conditions, and provides novel remedies incapable of enforcement by an admiralty court"—citing N. Y. Cent. R. R. Co. v. White, 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; N. Y. Cent. R. R. Co. v. Winfield, 244 U. S. 147, 37 Sup. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139; Southern Pacific Co. v. Jensen, supra. And the court stated that the doctrine of The Hamilton could not be extended to the situation then before the court. It is evident that the Supreme Court did not intend to overrule the cases upon which The Hamilton was based.

There can be no question but that, when a maritime right has been created by a state law, the admiralty courts of the United States may enforce such right.

In the case before me, the libelant has stated a maritime case, arising under a statute of Maine, which may be enforced in a court of admiralty.

The motion to dismiss the libel is denied, but without costs.