MARION L. ROBINSON, as Administratrix, etc., of GEORGE ROBINSON, Deceased, Appellant, *v.* ROBINS DRY DOCK AND REPAIR COMPANY and STANDARD TRANSPORTATION COMPANY, Respondents.

Second Department, February 2, 1923.

Limitation of actions — action for wrongful death against employer and third person — employee killed while repairing barge floating in navigable waters — action, commenced more than two years after death, was barred — Statute of Limitations not suspended under Code of Civil Procedure, § 406 (now Civ. Prac. Act, § 24), by unconstitutional provision of Workmen's Compensation Law providing for exclusive remedy nor by unconstitutional amendment to U. S. Judicial Code — employer did not waive right to question constitutionality of Workmen's Compensation Law — action barred as to third person also.

An action against an employer and a third person for the wrongful death of an employee who died on May 20, 1918, from injuries sustained while at work repairing a barge which was lying in navigable waters, is barred where it was not commenced until December 16, 1920, though at the time of death the United States Judicial Code had been amended for the purpose of rendering effective

the provision of the Workmen's Compensation Law that the exclusive remedy against the employer was under the Workmen's Compensation Law, and though compensation was awarded to the plaintiff which was later terminated, where such amendment was, on May 17, 1920, declared by the United States Supreme Court to be unconstitutional, thereby taking the case out of the operation of the Workmen's Compensation Law.

The Statute of Limitations was not suspended by force of section 406 of the Code of Civil Procedure (now Civ. Prac. Act, § 24) prior to the time said amendment was declared unconstitutional, since it is only a valid " statutory prohibition " against the commencement of an action which will suspend the Statute of Limitations.

The Workmen's Compensation Law, in so far as it undertook to give an exclusive remedy to the plaintiff, was void and of no effect.

The plaintiff is, therefore, proceeding under a mistake of law and the lapse of time cannot be excused legally by the court. Nor can it be held that the defendant employer has waived its right to question the constitutionality of the Workmen's Compensation Law, for the statute imposed a mandatory duty upon the employer, so that the element of voluntary action essential to a waiver or estoppel is absent.

The action against the third person is likewise barred since it was always within the power of the plaintiff to bring her action against said third person.

APPEAL by the plaintiff, Marion L. Robinson, from two orders of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 3d day of June, 1921, directing the dismissal of the complaint against both defendants, and also from the judgment entered in said clerk's office on the 11th day of June, 1921, pursuant to said orders dismissing the complaint as against both defendants.

*John A. Goodwin* [*Thomas J. O' Neill, Leonard F. Fish* and *Patrick J. McMahon* with him on the brief], for the appellant.

*Paul Koch,* for the respondent Robins Dry Dock and Repair Company.

*Percy J. King* [*Peter M. Speer* and *Courtland Palmer* with him on the brief], for the respondent Standard Transportation Company.

KELBY, J.:

The judgment and orders appealed from were entered upon the decision of a motion for judgment on the pleadings, made by each of the defendants.

The action was for damages for the alleged wrongful death of the plaintiff's intestate, stated to have been caused by the negligence of each of the defendants.

The plaintiff's intestate was employed by the Robins Dry Dock and Repair Company. The complaint alleges that the defendants carelessly allowed a tank cover to fall upon him while he was working on a barge of the Standard Transportation Company, and while the barge was at the foot of Dwight street, Erie Basin, Brooklyn.

He was injured on May 20, 1918, and he died of his injuries on the same day. The action was commenced on December 16, 1920. More than two years, therefore, elapsed from the death of plaintiff's intestate until the commencement of the action. (See Code Civ. Proc. § 1902; now Decedent Estate Law, § 130, as added by Laws of 1920, chap. 919.) In their answers the defendants plead the Statute of Limitations, alleging that the alleged cause of action stated in the complaint was not commenced within two years after the death of plaintiff's intestate. The plaintiff replied to the separate defenses of each of the defendants pleading the Statute of Limitations. The reply, in effect, alleged that during the two years following the death of plaintiff's intestate there existed, and now exists, a statute of the State of New York known as the Workmen's Compensation Law, wherein and whereby it is provided that employees within the schedules of said law who are injured and killed while in the service of their employer (or the legal representatives of said employees) are obliged to accept compensation as provided in said act. The reply further set up that the Robins Dry Dock and Repair Company complied with the provisions of the Workmen's Compensation Law; that the " plaintiff and her children under said Act had an exclusive remedy against the employer " in obtaining such compensation; and that the said statute further provided " that if such employee was injured in his master's service through the negligence of some other person * * * that then the State fund or insurance carrier would be subrogated to the rights of the plaintiff as against such third person." It then alleges that the plaintiff applied for and received compensation until payment was terminated by an order of the State Industrial Commission on October 15, 1920. The reply then proceeds to aver that " Prior to that time it was determined by the United States Supreme Court that said New York State Compensation Law did not apply to a person employed as this plaintiff's intestate was * * * and the New York State Industrial Commission thereupon determined * * * that the plaintiff was not entitled to compensation," and that for the reasons above stated the plaintiff did not bring an action against the defendants during two years subsequent to the intestate's death, but that in October, 1920, she applied for letters of administration and thereafter instituted this action. " Reference is made to said Workmen's Compensation Acts of the State of New York for a more accurate statement as to the provisions thereof."

In paragraph 2 of the reply the plaintiff alleges that until October, 1920, the commencement of the action was stayed by said statutes and by the orders of the State Industrial Commission,

and that, therefore, the Statute of Limitations does not bar the prosecution of this action.

The court below has held that this reply of the plaintiff was insufficient to meet the plea of the Statute of Limitations.

At the time of the death of Robinson, on May 20, 1918, the Workmen's Compensation Law was in effect in this State, and that law had been construed to be an exclusive remedy. On the question of pleading alone it has been held that an employee could not maintain an action against his employer unless he alleged in his complaint that the employer had not complied with the terms of the Workmen's Compensation Law by having State insurance or insurance through a carrier. It must be taken as verity in this case that the employer did have such insurance. The plaintiff, therefore, by reason of the statute, if valid, could not sue in an action at law.

The case of *Southern Pacific Co.* v. *Jensen* (244 U. S. 205) was decided on reargument on May 21, 1917, one year before the death of plaintiff's intestate. That case for the first time held that the remedy of the Workmen's Compensation Law is a remedy unknown to the common law and incapable of enforcement by the ordinary processes of any court, and hence is not among the common-law remedies which are saved to suitors from the exclusive admiralty jurisdiction by section 9 of the United States Judiciary Act of 1789 (1 U. S. Stat. at Large, 76, 77) and by sections 24 and 256 of the United States Judicial Code (36 id. 1091, § 24, subd. 3; Id. 1160, 1161, § 256, subd. 3. See, also, U. S. R. S. § 563, subd. 8; Id. § 711, subd. 3). That case further held that the remedy of the Workmen's Compensation Law is inconsistent with the policy of Congress to encourage investments in ships, manifested by various acts of Congress which declared a limitation upon the liability of their owners. That decision reversed the determination of the Court of Appeals found in *Matter of Jensen* v. *Southern Pacific Co.* (215 N. Y. 514), and further held, among other things, that the Legislature of the State of New York went beyond its powers in undertaking to give an exclusive remedy for the enforcement of a right which grew out of the maritime law and which was enforcible according to the principles of the maritime law.

Before the death of Robinson on May 20, 1918, but after the decision in *Southern Pacific Co.* v. *Jensen* by the United States Supreme Court, the Congress of the United States on October 6, 1917, apparently for the very purpose of meeting the objections raised by the Supreme Court of the United States in the *Jensen* case, amended subdivision 3 of section 24 and subdivision 3 of section 256 of the United States Judicial Code. (40 U. S. Stat. at

Large, 395, chap. 97, §§ 1, 2.) The Judicial Code gave to the United States courts exclusive original cognizance " of all civil causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it; " and the amendment of October 6, 1917, added to this clause the following phrase: " and [saving] to claimants the rights and remedies under the Workmen's Compensation Law of any State."

Therefore, when this intestate was killed the plaintiff was obliged to determine for herself in the first instance whether this last amendatory act of the Congress of the United States was a valid exercise of its power.

The case of *Stewart* v. *Knickerbocker Ice Co.* later came on to be heard before the State Industrial Commission, and in January, 1919, the determination of the Commission (17 State Dept. Rep. 634) allowing an award of compensation under the new amendment of Congress was affirmed by the Appellate Division of the Supreme Court in the Third Department. (187 App. Div. 915.) In April, 1919, the Court of Appeals expressly held that Congress had acted within its powers in passing the amendment referred to (226 N. Y. 302); and finally, in May, 1920, the United States Supreme Court, in the case of *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149), held that the attempted amendment by Congress, above referred to, was unconstitutional as being a delegation of the legislative power of Congress and as defeating the purpose of the United States Constitution respecting the harmony and uniformity of the maritime law. We must now gravely hold that the plaintiff is presumed to know the law, or, rather, that ignorance of the law does not excuse the administratrix of the dead man. And this in spite of the fact that after the State Industrial Commission and sixteen judges have declared that the act was a constitutional devolution of power, five judges in the final court have held that it was unconstitutional.

The plaintiff claims that the Workmen's Compensation Law practically prohibited the commencement of the action, and that under section 406 of the Code of Civil Procedure,* which prevailed at the time of the decedent's death, her time to commence the action did not expire. Section 406 reads as follows: " Where the commencement of an action has been stayed by injunction, or other order of a court or judge, *or by statutory prohibition*, the time of the continuance of the stay is not a part of the time, limited for the commencement of the action."

We are asked to hold, therefore, that the Statute of Limitations of the State of New York did not run against the plaintiff, by

---

* Now Civ. Prac. Act, § 24.— [Rep.

reason of the Workmen's Compensation Law, until the decision of the United States Supreme Court was rendered in *Knickerbocker Ice Co.* v. *Stewart,* on May 17, 1920.

The equities in the case are all with the plaintiff, who has acted like a law-abiding citizen, respecting the laws passed both by the State Legislature and by the Congress of the United States.

" The general rule is that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it had never been passed. Since an unconstitutional law is void, it imposes no duty and confers no power or authority on any one; it affords protection to no one, and no one is bound to obey it, and no courts are bound to enforce it." (See 6 R. C. L. 117, and many cases there cited.)

Applying these principles, therefore, to the case at bar, the Workmen's Compensation Law, in so far as it undertook to give an exclusive remedy to the plaintiff, was void and of no effect. The plaintiff is, therefore, proceeding under a mistake of law, and the lapse of time cannot be excused legally by this court. The only possible relief for the many people who are in this same situation is by a statutory amendment that will allow claims which came into existence under these peculiar circumstances to be brought within a reasonable time after the passage of the act.

Nor can it be held that the defendant employer has waived its right to question the constitutionality of the Workmen's Compensation Law. There are cases like *Musco* v. *United Surety Co.* (196 N. Y. 459) which hold that the right to question the validity of a statute may be waived. Persons who *voluntarily* invoke the provisions of a statute may be denied the right to question its constitutionality. While it is true that both parties treated the Workmen's Compensation Law as a valid statute, the plaintiff by accepting compensation, and the employer or his insurance carrier by paying compensation, these acts were perforce section 10 of the Workmen's Compensation Law of 1914.* The statute imposed a mandatory duty, so that the element of voluntary action, essential to a waiver or estoppel, is absent.

All of the discussion heretofore had relates to the plaintiff's rights as against the intestate's employer, the Robins Dry Dock and Repair Company. So far as the codefendant is concerned, the plaintiff is in even a worse case. Under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705)† the dependents of a person killed have to elect whether to take com-

---

* Now Consol. Laws, chap. 67 (Laws of 1922, chap. 615), § 10.— [REP.

† Now Consol. Laws, chap. 67 (Laws of 1922, chap. 615), § 29.— [REP.

pensation or to pursue the remedy against a third person accused of negligence. If an election was made in favor of compensation, an award of compensation would operate as an assignment of the cause of action against the third person to the State for the benefit of the State insurance fund, or to the insurance carrier. It was always within the power of the plaintiff to sue the Standard Transportation Company as its rights were not regulated in any way by the Workmen's Compensation Law as to the commencement of an action. If the plaintiff had sued the Standard Transportation Company, and there was any deficiency between the amount of the recovery against it and the compensation provided by the Workmen's Compensation Law, then the State or the insurance carrier would be obliged to contribute the deficiency only. It seem clear, therefore, that as to the Standard Transportation Company the statute ran against the prosecution of the action.

Because of the importance of this case to many other litigants who may be affected by this decision, the court believes it should be reviewed by the Court of Appeals. If the plaintiff is advised to appeal to the Court of Appeals, leave will be granted.

The judgment and orders should be affirmed, without costs.

Present — Rich, Jaycox, Manning, Kelby and Young, JJ.

Judgment and orders dismissing the complaint unanimously affirmed, without costs. Permission will be granted to the plaintiff to appeal to the Court of Appeals if desired.