[S. F. No. 10584. In Bank.—September 11, 1923.]

## ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] Workmen's Compensation Act—Deck-hand and Launch Operator—Work on Navigable Waters—Accidental Death—Jurisdiction of Industrial Accident Commission.—The Industrial Accident Commission of California has not jurisdiction to award a death benefit to the widow of a deck-hand on a dredger and launch operator, whose work was performed mainly on a dredger operating on navigable waters and who was drowned in attempting to proceed from the dredger to the shore in a motor-boat, while engaged upon an errand in connection with his employment.

[2] Id.—Maritime Contracts—Admiralty Jurisdiction.—The liability of an employer for damages on account of injuries received on shipboard by an employee under a maritime contract is a matter within the admiralty jurisdiction.

[3] Id. — Insurance Policy — Jurisdiction of Industrial Accident Commission.—Assuming that the act of taking out a policy of workmen's compensation insurance under the Workmen's Compensation Act of this state ordinarily may have the effect of bringing the employer under the compensation provisions of the act, it cannot of itself confer jurisdiction on the commission where exclusive jurisdiction of the matter in controversy is vested in the admiralty court.

[4] Id.—Insurance Contract—Estoppel.—The contention that an insurance carrier has by its contract of insurance, for which it has received full consideration, bound itself to pay the benefits due under the Workmen's Compensation Act to any employee of a dredging company injured about a dredger, or any dependent of the deceased employee killed in the course of its operations, and cannot refuse to carry out its engagement, after the death of the employee, both on the principle of a contract for the benefit of a third party and on the principle of estoppel, cannot be maintained in a proceeding for a death benefit before the Industrial Accident Commission, as neither party, nor both of them, can vest the commission with a constitutional jurisdiction to which it is otherwise a stranger.

[5] Id.—Jurisdiction—Power of Legislature.—The legislature cannot confer jurisdiction upon the Industrial Accident Commission over a matter which is vested exclusively in the courts.

[6] ID.—EMPLOYEES IN MARITIME WORK—APPLICATION OF STATE ACTS
—UNCONSTITUTIONAL ACT OF CONGRESS.—The act of October 6,
1917 (c. 97, 40 U. S. Stats. 395), amending sections 24 and
256 of the Judicial Code, relating to the jurisdiction of the federal
district courts, saving to claimants the rights and remedies under
the workmen's compensation law of any state in cases of injury
within the admiralty and maritime jurisdiction, was beyond the
power of Congress to enact.

PROCEEDING in Certiorari to annul an order of the
Industrial Accident Commission awarding compensation
for death on navigable waters.    Award annulled.

The facts are stated in the opinion of the court.

J. Hampton Hoge and Joe Crider, Jr., for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

WASTE, J.—This proceeding in review to annul an
award of the Industrial Accident Commission, upon the
ground that it acted in excess of its jurisdiction, presents
much the same question as that considered in *Alaska Pack-
ers Assn.* v. *Industrial Acc. Com. et al., ante,* p. 763 [218
Pac. 561].

Elza A. Denny was employed as a dredger deck-hand
and launch operator by the Los Angeles Dredging Com-
pany.    His work was performed mainly upon a dredger
operating on navigable waters at Newport harbor, in this
state.    He was drowned on the night of April 15, 1921, in
attempting to proceed from the dredger to the shore in
a motor launch, while engaged upon an errand in con-
nection with his employment.    The launch was afloat at
the time upon, and the accident occurred in, navigable
waters.    The employer, Los Angeles Dredging Company,
was protected by workmen's compensation insurance at the
time of Denny's death, the insurance carrier being this peti-
tioner.    The policy of insurance specifically covered all occu-
pations of the assured in connection with its dredging work,
both afloat and on shore, under the provisions of the Cali-
fornia Workmen's Compensation Act.    It also provided in-
surance against liability of the employer under employers' lia-

bility laws for damages for negligence where the compensation act was not applicable, including any liability accruing under the law maritime. At the time the insurance policy was executed and delivered by petitioner to the dredging company there was attached thereto an indorsement in writing which provided that, in consideration of the special rate at which the policy was issued, it was agreed that when claims were made for bodily injuries or for death accidentally suffered by employees of the assured covered by the policy the Insurance Company, subject to the limitations of its stipulated liability, would pay such injured employees, or, if deceased, the dependents of such employees, such benefits as they would be entitled to under the Workmen's Compensation and Safety Act of California if said claim came under the jurisdiction of the Industrial Accident Commission of California, provided that such benefits should be so paid only when the employees or dependents accepted said sums in full settlement of their respective claims and should sign releases in favor of the dredging company and the insurer.

After the death of Denny, his surviving widow, who was his sole dependent, duly executed and tendered a release of all causes of action against petitioner and the insurance carrier, ''arising under the law maritime or any other law, other than for the benefits prescribed by the California Workmen's Compensation Act,'' upon condition that she be paid the benefits to which she would be entitled under the compensation act if its provisions were applicable to the matter, and agreed to accept any award that might be made by the Industrial Accident Commission, without any contest of such award upon the ground that the alleged maritime nature of the employment of her deceased husband rendered the Workmen's Compensation Act inapplicable. This tender being refused, she filed her application with the respondent Commission for an adjustment of her claim for death benefits and damages. Answering, the employer and its insurance carrier, who is the petitioner here, took the position that at the time the employee was drowned he fell from a boat which was afloat on navigable waters, and for that reason the subject matter of the application was not within the jurisdiction of the Industrial Accident Commission, and the applicant was not entitled to

any of the benefits covered and provided by the Workmen's Compensation Act. It also alleged that the rider or indorsement on the policy, by which it purports to agree to pay workmen's compensation benefits under the Workmen's Compensation Act, was inserted in the policy by mistake. As to the second contention, the Commission found there was no mistake in the issuance of the policy, and that the indorsement or rider was not attached to it by reason of any inadvertence, but was intentionally made a part of the insurance contract. This finding is amply supported by the evidence, from which it is clear that the dredging company desired and obtained the exact policy issued by petitioner, including the provisions covered by the indorsement. After due proceedings had before the Commission, findings and award were entered in favor of the surviving wife of the employee, allowing her a death benefit in the sum of four thousand nine hundred dollars.

[1] The only contention raised by the petition for writ of review is that the respondent, Industrial Accident Commission, was without jurisdiction, for the reason that the injury resulting in the death of the employee occurred upon navigable waters, and that the respective rights of the parties were governed solely by the general law maritime, barring any recovery under the state compensation law.

In support of its position the respondent contends that the California Workmen's Compensation Act can constitutionally be applied to dredgers afloat upon navigable inland waters of the state for the reason that the state law in such case does not materially contravene the application and characteristic harmony and uniformity of the general maritime law in its interstate and international aspects. Respondent also advances the contention that in the instant case the employer elected, under section 70 of the state Workmen's Compensation Act, to have its liability determined under the provisions of that statute by taking out the policy of workmen's compensation insurance issued by the petitioner; and, also, that regardless of the liability or nonliability of the employer personally, the petitioning insurance carrier is liable directly to the employee's widow upon its policy of contract, for which it has received full premium, and is estopped to repudiate its agreement of insurance. The final contention of the respondent Commission is that the appli-

cation of the provisions of the California Workmen's Compensation Act in this proceeding is sustained by an act of Congress, effective October 6, 1917, amending sections 24 and 256 of the Judicial Code, purporting to extend to maritime workers the protection of state workmen's compensation acts.

It has been the generally accepted view, since the decision of this court in *Sudden & Christenson* v. *Industrial Acc. Com.*, 182 Cal. 437 [188 Pac. 803], which was almost immediately followed by the decisions of the United States supreme court in *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438], reaffirming *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, 14 N. C. C. A. 597], that the position of the Industrial Accident Commission, assumed in this proceeding, is untenable. The respondent, anticipating that this court will be guided by those decisions in the present action, frankly admits that, as to certain of its contentions, it is laying the foundation for an opportunity to endeavor to persuade the supreme court of the United States to reverse certain portions of its decisions in the cases just cited, in the event this matter shall ultimately reach that tribunal. In support of its contention that the Workmen's Compensation Act may be applied to the operation of and employment on the dredger in this proceeding, notwithstanding the rule laid down in those earlier cases, the respondent relies upon the more recent decisions of the supreme court of the United States. In *Western Fuel Co.* v. *Garcia,* 257 U. S. 233 [66 L. Ed. 210, 42 Sup. Ct. Rep. 89], a death from a maritime tort occurred on the navigable waters of the San Francisco Bay. No action to recover damages for the death of a human being caused by negligence can be maintained in the admiralty courts of the United States under the general maritime law, since such law applies the same rule for the sea which applies on land, and at the common law no civil action lies for an injury resulting in death. The statutes of this state give a right of action for death by wrongful act, and the question before the court was whether or not the admiralty court would entertain a libel *in personam* for the damages sustained by those to whom the right of action was given

by the state statute. The court held that the federal district court rightly assumed jurisdiction of the proceedings. It said: "In *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], *Chelentis* v. *Luckenback Steamship Co.*, 247 U. S. 372 [62 L. Ed. 1171, 38 Sup. Ct. Rep. 501], *Union Fish Co.* v. *Erickson*, 248 U. S. 308 [63 L. Ed. 261, 39 Sup. Ct. Rep. 112], and *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438], we have recently discussed the theory under which the general maritime law became a part of our national law, and pointed out the inability of the states to change its general features so as to defeat uniformity—but the power of a state to make some modifications or supplements was affirmed. And we further held that rights and liabilities in respect of torts upon the sea ordinarily depend upon the rules accepted and applied in admiralty courts which are controlling wherever suit may be instituted. Under this view, *American Steamboat Co.* v. *Chase* and *Sherlock* v. *Alling* support the right to recover under a local statute in an admiralty court for death occurring on navigable waters within the state when caused by tort there committed.

"As the logical result of prior decisions we think it follows, that where death upon such waters follows from a maritime tort committed on navigable waters within a state whose statutes give a right of action on account of death by wrongful act, the admiralty courts will entertain a libel *in personam* for the damages sustained by those to whom such right is given. The subject is maritime and local in character and the specified modification of or supplement to the rule applied in admiralty courts, when following the common law, will not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations. *Southern Pacific Co.* v. *Jensen, supra.*"

In *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157], a more recent case, an employee, a carpenter and joiner, was injured through the negligence of the employer, while at work on a partially completed vessel lying at a

dock in navigable waters, and which was being constructed by the employer for the United States government under contract with the United States Shipping Board of the Emergency Fleet Corporation. Both the employer and the employee were subject to the provisions of the workmen's compensation law of the state of Oregon. The injured employee brought a libel in admiralty against the employer for damages for the injury sustained and recovered in the sum of ten thousand dollars. On appeal two questions were certified to the supreme court of the United States: (1) Was there jurisdiction in admiralty because the alleged tort occurred on navigable waters? (2) Was the employee, because of his injury, to proceed in admiralty against the employer for the damages suffered? The court said:

"The contract for constructing 'The Ahala' was non-maritime, and although the incompleted structure upon which the accident occurred was lying in navigable waters, neither Rohde's general employment, nor his activities at the time, had any direct relation to navigation or commerce. *Thames Towboat Co.* v. *Schooner Francis McDonald*, 254 U. S. 242 [65 L. Ed. 245, 41 Sup. Ct. Rep. 65]. The injury was suffered within a state whose positive enactment prescribed an exclusive remedy therefor. And as both parties had accepted and proceeded under the statute by making payments to the Industrial Accident Fund it cannot properly be said that they consciously contracted with each other in contemplation of the general system of maritime law. *Union Fish Co.* v. *Erickson*, 248 U. S. 308 [63 L. Ed. 261, 39 Sup. Ct. Rep. 112]. Under such circumstances regulation of the rights, obligations, and consequent liabilities of the parties, as between themselves, by a local rule would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations (citing cases).

"The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this Court that it must now be treated as settled (citing cases).

"The Workmen's Compensation Law of Oregon declares that when a workman subject to its terms is accidentally in-

jured in the course of his employment he 'shall be entitled to receive from the Industrial Accident Fund hereby created the sum or sums hereinafter specified and the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death . . . '

"In *Western Fuel Co.* v. *Garcia* we recently pointed out that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter might be modified or supplemented by state statutes. The present case is controlled by that principle. The statute of the State applied and defines the rights and liabilities of the parties. The employee may assert his claim against the Industrial Accident Fund to which both he and the employer have contributed as provided by the statute, but he cannot recover damages in an admiralty court.

"This conclusion accords with *Southern Pacific Co.* v. *Jensen*" and other cases cited. "In each of them the employment or contract was maritime in nature and the rights and liabilities of the parties were prescribed by general rules of maritime law essential to its proper harmony and uniformity. Here the parties contracted with reference to the state statute; the rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

The two cases we have just quoted, and many others relating to the application of state laws to maritime contracts and torts, are reviewed and explained in *State Industrial Commission of New York* v. *Nordenholt Corp. et al.*, 259 U. S. 263 [25 A. L. R. 1013, 66 L. Ed 933, 42 Sup. Ct. Rep. 473, 21 N. C. C. A. 862]. That was a case in which a longshoreman, in unloading a ship in the port of New York, slipped and fell while he was working on the dock, thereby receiving injuries which resulted in his death. An award of compensation was made to the widow of the deceased employee by the industrial commission under the New York workmen's compensation law. The award was reversed by the state courts upon the ground that the commission had no jurisdiction in the matter. Upon *certiorari* to the supreme court of the United States the lower courts were reversed. After stating, in substance, what we have already

quoted from its earlier decisions, the court said: ''Insana [the employee] was injured upon the dock, an extension of the land (*Cleveland etc. R. R. Co.* v. *Cleveland S. S. Co.*, 208 U. S. 316 [13 Ann. Cas. 1215, 52 L. Ed. 508, 28 Sup. Ct. Rep. 414, see, also, Rose's U. S. Notes]), and certainly prior to the Workmen's Compensation Act the employer's liability for damages would have depended upon the common law and the state statutes. Consequently, when the Compensation Act superseded other state laws touching the liability in question, it did not come into conflict with any superior maritime law. And this is true whether awards under the act are made as upon implied agreements or otherwise. The stevedore's contract of employment did not contemplate any dominant federal rule concerning the master's liability for personal injuries received on land. In Jensen's case, rights and liabilities were definitely fixed by maritime rules, whose uniformity was essential. With these the local law came into conflict. Here no such antagonism exists. There is no pertinent federal statute; and application of the local law will not work material prejudice to any characteristic feature of the general maritime law. Compare *New York Cent. R. R. Co.* v. *Winfield*, 244 U. S. 147 [Ann. Cas. 1917D, 1139, L. R. A. 1918C, 439, 61 L. Ed. 1045, 37 Sup. Ct. Rep. 546, 14 N. C. C. A. 597].''

From this survey of the cases principally relied upon by the respondent Commission it at once becomes apparent that they do not deal with the exact situation presented by the facts in this proceeding under review. In *Western Fuel Co.* v. *Garcia* the court merely held that there being no right of action in admiralty to recover damages for the death of a person, one claiming to be injured by such death might avail himself of a supplemental cause of action provided by state law, *and proceeding in admiralty on such cause of action may recover*. In *Grant Smith-Porter Co.* v. *Rohde* the effect of the decision is that an employee of a shipbuilding company at work upon a vessel in course of construction, but which has been launched so as to be within the admiralty jurisdiction, who has contracted with his employer with reference to the workmen's compensation law of the state, the contract for constructing the ship not being maritime, is entitled to compensation for injuries under the state statute, and that remedy is exclusive. The Nordenholt case

relates to *an injury received upon the land,* and holds that
under such circumstances, when a compensation act merely
supersedes the common law and state statutes touching lia-
bility for injuries occurring on land, it does not come into
conflict with any superior maritime law.   None of these de-
cisions, therefore, has strict application to the case of one
who suffers an injury causing death while operating a launch
on navigable waters, and whose other principal occupation is
that of a deck-hand on a dredger, also afloat and operating
in navigable waters.   The dredger in this case, being en-
gaged in deepening navigable waters, was "a vessel" within
the meaning of title 1, section 3, of the Revised Statutes of
the United States.   She came within the maritime jurisdic-
tion and the persons engaged upon her and on the launch
in such work were "seamen."   (*Saylor* v. *Taylor,* 77 Fed.
476 [23 C. C. A. 343]; *United States* v. *Holmes* (C. C.), 104
Fed. 884.)   It was stipulated in open court at the time of
the oral argument in this case that the employment of Denny
at the time he met his death was of a maritime nature, he
being then employed in driving the launch to the mainland
for the purpose of taking on as passengers the firemen who
were to relieve those then working on the dredger.   These
facts distinguish this case from *Grant Smith-Porter Co.*
v. *Rohde,* in which neither the workman's general employ-
ment nor his activities at the time of the injury had any
direct relation to navigation or commerce.   They bring the
proceedings squarely within the application of the principles
of law laid down in *Knickerbocker Ice Co.* v. *Stewart,* 253
U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep.
438].   While employed by the ice company as bargeman,
and doing work of a maritime nature, Stewart fell into the
Hudson River and was drowned.   His widow claimed under
the workmen's compensation law of New York.   The in-
dustrial commission granted an award against the company
to her and her minor children.   Both the appellate division
and the court of appeals of New York approved the action
of the commission.   (*In re Stewart* v. *Knickerbocker Ice
Co.,* 226 N. Y. 302 [123 N. E. 382].)   When the case reached
the supreme court of the United States it disposed of two
of the contentions made by the respondent here.   It held,
in effect, that the federal constitution itself adopted and es-
tablished, as part of the laws of the United States, approved

rules of the general maritime law, and empowered Congress to legislate in respect to them and other matters within the admiralty and maritime jurisdiction, taking from the states all power, by legislation or judicial decisions, to contravene the essential purposes of, or work material injury to, characteristic features of that law, or to interfere with its proper harmony and uniformity in its international and interstate relations. The workmen's compensation law of New York, it said, prescribed exclusive rights and liabilities, undertook to secure their observance by heavy penalties and onerous conditions, and provided novel remedies incapable of enforcement by an admiralty court. It therefore destroyed the harmony and uniformity which the constitution not only contemplated but actually established. To the same effect is the decision of this court in *Sudden & Christenson* v. *Industrial Acc. Com.*, 182 Cal. 437 [188 Pac. 803]. **[2]** We are of opinion that it still remains the law, as stated in the Nordenholt case, *supra,* that "the liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is a matter within the admiralty jurisdiction."

The respondent contends that the employer in the present case elected, under section 70 of the Workmen's Compensation Act, to have its liability determined by that statute when it took out a policy of workmen's compensation insurance with the petitioner. The section provides that the employer may elect to come under the compensation provisions of the act by filing with the Industrial Accident Commission a written statement to that effect. The section also provides that in case any employer is insured against liability for compensation under the act, he shall be deemed to have so elected during the period that such policy shall remain in force, "without filing such written notice with the commission," as to all classes of employees covered by such policy of insurance, anything in the act to the contrary notwithstanding. **[3]** Assuming that the act of taking out such a policy of insurance ordinarily may have the effect of bringing the employer under the compensation provisions of the act, as provided, it cannot of itself confer jurisdiction on the Commission where, as in this case, exclusive jurisdiction of the matter in controversy is vested in the

admiralty court. (*Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 187 Cal. 615, 619, 620 [203 Pac. 95].)

[4]   The respondent also contends that petitioner has by its contract of insurance, for which it has received full consideration, bound itself to pay the benefits due under the Workmen's Compensation Act to any employee of the dredging company injured about the dredger, or any dependent of a deceased employee killed in the course of its operation, and cannot now refuse to carry out its engagement, both on the principle of a contract for the benefit of a third party and on the principle of estoppel. Such contention would be worthy of serious consideration if made in a court of law having jurisdiction of the subject matter; but it cannot be made an issue where, as in this case, jurisdiction does not exist. Neither a party, nor both parties, can vest the Commission with a constitutional jurisdiction to which it is otherwise a stranger. (*King* v. *Kutner-Goldstein Co.*, 135 Cal. 65, 67 [67 Pac. 10].)   [5]   If it be contended that any of the provisions of the Workmen's Compensation Act vest such authority, a sufficient answer is that the legislature cannot confer jurisdiction upon the Industrial Accident Commission over a matter which is vested exclusively in the courts. (See *Yosemite Lumber Co.* v. *Industrial Acc. Com.*, 187 Cal. 774 [20 A. L. R. 994, 204 Pac. 226].)

[6]   The final contention of the respondent Commission, that the provisions of the Workmen's Compensation Act of this state were made applicable to employees engaged in maritime work by the act of Congress amending sections 24 and 256 of the Judicial Code, relating to the jurisdiction of the federal district courts, saving to claimants the rights and remedies under the workmen's compensation law of any state, approved October 6, 1917 (c. 97, 40 U. S. Stats. at Large, 395 [Fed. Stats. Ann., Supp., 1918, pp. 401, 414; U. S. Comp. Stats. Ann., Supp. 1919, §§ 991, 1233]), was considered in *Sudden & Christenson* v. *Industrial Acc. Com.*, *supra*, and in *Knickerbocker Ice Co.* v. *Stewart*, *supra*. In the latter case, after a comprehensive statement of the effect of the provisions of the federal constitution referred to, the court said (253 U. S. 163, 164 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 441]): "Having regard to all these things, we conclude that Congress undertook to permit application of Workmen's Compensation Laws of the several

States to injuries within the admiralty and maritime jurisdiction; and to save such statutes from the objections pointed out by *Southern Pacific Co.* v. *Jensen.* It sought to authorize and sanction action by the States in prescribing and enforcing, as to all parties concerned, rights, obligations, liabilities and remedies designed to provide compensation for injuries suffered by employees engaged in maritime work. And so construed, we think the enactment is beyond the power of Congress."

The award is annulled.

Myers, J., Richards, J., *pro tem.,* Lennon J., Seawell, J., Lawlor, J., and Wilbur, C. J., concurred.

Rehearing denied.

All the Justices concurred.