[S. F. No. 10583. In Bank.—September 11, 1923.]

ALASKA PACKERS ASSOCIATION, Petitioner, v.
INDUSTRIAL ACCIDENT COMMISSION et al.,
Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO EMPLOYEE ON NAVI-
GABLE WATERS — APPLICABILITY OF MARITIME LAW. — Where a
rigger on a vessel afloat in navigable waters beside a wharf re-
ceives injuries while engaged in moving a rope from a yard-arm of
the vessel, the California State Workmen's Compensation Act
is not applicable to the case, but the case must be determined
under the maritime law.

---

1. Applicability of the federal Employers' Liability Act or state
compensation acts to injuries within admiralty jurisdiction, notes,
Ann. Cas. 1916B, 88, 280; Ann. Cas. 1918B, 661; L. R. A. 1916A,
461; L. R. A. 1917D, 85.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission awarding compensation to an employee on a vessel in navigable waters. Award annulled.

The facts are stated in the opinion of the court.

Chickering & Gregory for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

WASTE, J.—This is a proceeding in *certiorari* to review an award of the Industrial Accident Commission. An employee of the petitioner, working on board a vessel in navigable waters, sustained personal injuries for which he sought and was awarded compensation in a proceeding before the Industrial Accident Commission. It is the contention of the petitioner that at the time of the injury the employee was performing maritime service on a completed vessel afloat, and that the respondent was without jurisdiction in the matter.

The facts involved in this proceeding are substantially as follows: The employee, J. Hansen, was, for a number of years, employed by the petitioner as a seaman and fisherman on the annual voyages made by the fleet of the petitioner engaged in salmon fishing in Alaskan waters. One of the vessels of the fleet was a three-masted bark "Star of England." This vessel, with the others of the fleet and the different crews, returned from an Alaskan voyage at the end of the fishing season in September, 1921. It was the intention of the petitioner to send the "Star of England" and other vessels back to Alaska in May, 1922, and the bark did, in fact, sail for Alaska on the latter date. During the *interim* between the return of the fleet and its sailing for Alaska in May, the "Star of England" lay afloat in the navigable waters of the yard of the petitioner at Alameda, on the Oakland estuary, a continuation of, and a part of, the bay of San Francisco. On or about the twenty-third day of February, 1922, and while the bark was so lying afloat in navigable waters alongside the wharf of the petitioner, Hansen, who had been a member of the crew of that particular

vessel upon her recent voyage to Alaska, was engaged in working upon the bark as a rigger to make the ship ready again for sea.  His duties at the time consisted in going over the ropes attached to the yards of the vessel, looking for defective equipment.  When a defective rope was found, he removed it and took it ashore to the warehouse on the wharf, to be repaired.  While removing a rotten foot-rope from a yardarm of the vessel he twisted or wrenched himself, and suffered a hernia.  It was for this injury that he received the compensation which is sought to be reviewed by the petitioner in this proceeding.

[1]  The proceeding involves a question whether the California State Workmen's Compensation Act [Stats. 1917, p. 831] can consistently, in view of the United States constitution and the jurisdiction of the United States government in maritime affairs, be made applicable to maritime or semi-maritime injuries.  The respondent seeks to narrow the question and make it apply only to injuries "sustained by caretakers, repairmen, or other persons overhauling and refitting a vessel during a time when it is tied up in its own port and out of commission, and not engaged in commerce or navigation."  Its contention, in brief, is that even though the subject matter of the action be otherwise cognizable in admiralty, where the subject matter is local in its nature and the application of the state law does not materially interfere with interstate and foreign commerce by water, a state Workmen's Compensation Act or other state statute may constitutionally be applied.

On the other hand, it is the contention of the petitioner that the work about which Hansen was engaged is maritime in its nature, his employment was a maritime contract, his injuries were in their nature maritime, and the respective rights of petitioner and the employee were matters purely within the admiralty jurisdiction.  In brief, their contention is that to permit the application of the California Workmen's Compensation Act to the facts of this case would be invoking a conflict between the maritime jurisdiction of the United States and state laws, and would necessarily work material prejudice to the characteristic feature of the general maritime law, and interfere with the proper harmony and uniformity of that law in its international and interstate relations.

If there could be any doubt as to the proper answer to the question presented by the divergent contentions of the parties here, in view of the decision of this court in *Sudden & Christenson* v. *Industrial Acc. Com.*, 182 Cal. 437 [188 Pac. 803] it has been settled by what seem to be the most recent utterances of the supreme court of the United States on the subject. The whole question of the jurisdiction over injuries suffered by employees engaged in maritime and *quasi*-maritime employments was discussed by that court in *State Industrial Commission of New York* v. *Nordenholt Corp. et al.*, 259 U. S. 263 [25 A. L. R. 1013, 66 L. Ed. 933, 42 Sup. Ct. Rep. 473]. This case differentiates the contentions made by the parties here, and points out very clearly the line of demarcation between those cases which fall strictly within the maritime jurisdiction and those which, because of their nature, are cognizable under state statutes. The facts of that case were that an employee, in the course of his employment as a longshoreman by the Nordenholt Corporation, then unloading a vessel lying in navigable waters, sustained an injury. The cargo consisted of bags of cement. These were hoisted to the dock, and there tiered up by the employee and other longshoremen. While thus engaged on the dock, the employee slipped and fell, sustaining the injury for which he sought and was awarded compensation by the New York state industrial commission. In sustaining the award the supreme court pointed out that the employee was injured upon the dock, an extension of the land, and that prior to the workman's compensation act of New York the employer's liability for damages would have been depended upon the common law and state statutes. "Consequently," said the court, "when the compensation act superseded other state laws touching the liability in question it did not come into conflict with any superior maritime law." In order to make clear its position in that case, the court referred to and explained a number of its earlier decisions, notably *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, 14 N. C. C. A. 597]; *Clyde S. S. Co.* v. *Walker*, 244 U. S. 255 [61 L. Ed. 1116, 37 Sup. Ct. Rep. 545]; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438]. Declaring that the court below had made deductions from these

cases which were unwarranted, and had proceeded upon an erroneous view of the federal law, the court said: "When an employee working on board a vessel in navigable waters sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land.

"The injuries out of which *Southern Pac. Co.* v. *Jensen* arose occurred on navigable waters, and the consequent rights and liabilities of the parties were prescribed by the maritime law. The question there was whether these rules could be superseded by the Workmen's Compensation statute of the State, and this court held they could not. In the opinion, citing *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52, 59, 60 [51 L. R. A. (N. S.) 1157, 58 L. Ed. 1208, 34 Sup. Ct. Rep. 733, see, also, Rose's U. S. Notes], we said, 'The work of a stevedore in which the deceased [Jensen] was engaging is maritime in its nature; his employment was a maritime contract; the injuries which he received were likewise maritime; and the rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction.' The doctrine that locality is the exclusive test of admiralty jurisdiction in matters of tort had been questioned in the Imbrovek case, and to show beyond any doubt that the maritime rules applied as to Jensen's injuries, we used the quoted language. Later, in *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157], we said, 'The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this Court that it must now be treated as settled.' "

The same question was again before the supreme court of the United States within the year in *Great Lakes Dredge*

*& Dock Co.* v. *Kierejewski,* 261 U. S. 479 [67 L. Ed. 756, 43 Sup. Ct. Rep. 418]. In that case the plaintiff in error, a corporation engaged in dredging, pile-driving, etc., maintained a yard wherein it kept scows and tugs. Leo Kierejewski, a master boiler-maker, was employed by it to perform services as called upon. Acting upon this employment, he began to make repairs upon a scow moored in the navigable waters of Buffalo River. He stood upon a scaffold resting upon a float alongside. One of the company's tugs came near, negligently swamped the float, and precipitated him into the stream, and he was drowned. The United States district court assumed jurisdiction of the libel by which Kierejewski's administratrix sought to recover damages for the death of her husband. This action was sustained by the supreme court, which said: "While performing maritime service to a completed vessel afloat, he came to his death upon navigable waters as the result of a tort there committed. The rules of the maritime law supplemented by the local death statute applied and fixed the rights and liabilities of the parties. *Western Fuel Co.* v. *Garcia,* 257 U. S. 233 [66 L. Ed. 210, 42 Sup. Ct. Rep. 89].

" 'The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and tort matters upon the locality, has been so frequently asserted by this court that it must now be treated as settled.' *Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469, 476 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157].

"In the cause last cited neither Rohde's general employment nor his activities had any direct relation to navigation or commerce — the matter was purely local — and we were of opinion that application of the State statute, as between the parties, would not work material prejudice to any characteristic feature of the general maritime law or interfere with its proper harmony or uniformity.

"Here the circumstances are very different. Not only was the tort committed and effective on navigable waters, but the rights and liabilities of the parties are matters which have direct relation to navigation and commerce. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524, 14 N. C. C. A. 597] ; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255 [66 L. Ed. 927, 42 Sup. Ct. Rep. 475] ; *State*

*Industrial Commission of New York* v. *Nordenholt Corp.,* 259 U. S. 263 [25 A. L. R. 1013, 66 L. Ed. 933, 42 Sup. Ct. Rep. 473, 21 N. C. C. A. 862].''

Since this matter was submitted our attention has been called by counsel for parties interested in some matters now pending in this court, to two decisions which have a material bearing upon the facts here: *State* v. *W. C. Dawson Co.,* 122 Wash. 572 [211 Pac. 724, 212 Pac. 1059], and *Farrel* v. *Waterman S. S. Co.,* 286 Fed. 284. In the former it was held on the authority of *State Industrial Commission of New York* v. *Nordenholt Corp., supra,* that a stevedore working on a boat or on water has no common-law right of action for injuries which may be withdrawn and he required to take under the Workmen's Compensation Act as in the case of a stevedore working on the dock. His work being maritime, the rights and liabilities connected therewith are in the admiralty jurisdiction of the United States. In the federal case just cited it was likewise held that the work of a stevedore unloading a steamship is of a maritime character, and an action for his injury is within the maritime jurisdiction. The federal case is also cited in connection with the contention made in other litigation pending here to the effect that the act of Congress of June 10, 1922, amending sections 24 and 256 of the Federal Judicial Code, purporting to give jurisdiction to industrial accident commissions of the states over certain admiralty and maritime claims is unconstitutional and void. As this point was not raised in the present case, it is not necessary to decide it here; and in view of our conclusion on the jurisdictional question involved, we are satisfied that the liability of the petitioner in the instant case must be determined under the maritime law.

The award is annulled.

Wilbur, C. J., Myers, J., Seawell, J., Lennon, J., Richards, J., *pro tem.,* and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.