[S. F. No. 10814. In Bank.—November 14, 1923.]

JAMES ROLPH COMPANY et al., Petitioners, v. INDUS-TRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] Employer and Employee—Maritime Injuries—Judicial Code—Unconstitutional Provision—Workmen's Compensation Acts.—The act of Congress, approved June 10, 1922, amending sections 24 and 256 of the Judicial Code, as enacted in 1917, saving to claimants for compensation for injuries to or death of persons other than the master or members of the crew of a vessel their rights and remedies under the workmen's compensation laws of the various states, violates article III of section 2 of the federal constitution, which extends the judicial power of the United States to all cases of admiralty or maritime jurisdiction, and said act is discriminatory in the exceptions provided for.

[2] Id.—Stevedores—Common-law Right of Action.—A stevedore who works upon a boat or upon navigable waters does not have a common-law right of action which may be withdrawn and he be permitted or required to take under a compensation act.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission awarding compensation for death. Award annulled.

The facts are stated in the opinion of the court.

Redman & Alexander and W. C. Bacon for Petitioners.

Warren H. Pillsbury for Respondents.

WASTE, J.—This is a proceeding in review to test the validity of an award made by the respondent Industrial Accident Commission to the dependents of Eugene Hayes, who died as the result of injuries sustained while working as a stevedore upon a vessel afloat on the navigable waters of the bay of San Francisco. His employer at the time, petitioner James Rolph Company, carried workmen's compensation insurance with General Accident, Fire and Life Assurance Corporation, Ltd., who is the other petitioner. This policy is a combined employers' liability and workmen's compensation policy, which obligates the insurance carrier to pay the award made by the respondent commission in this case, if the validity of such award shall be sustained.

Eugene Hayes, the deceased employee, at the time of his death, was in the temporary employ of the James Rolph Company, which corporation was, among other things, an importer of coal. On September 5, 1922, Hayes was employed and was engaged in his capacity as stevedore upon a vessel, the "West Islip," which was discharging a cargo of coal, brought from Newcastle to San Francisco, consigned to the James Rolph Company. The vessel was moored at pier 15, one of the piers in the navigable waters of the bay of San Francisco. The cargo of coal was being unloaded from the hold of the vessel by stevedores, of whom Hayes was one. On the morning of the accident Hayes had gone upon the vessel, but, before going below to the hold where he was required to work, he secured an iron plate used in the unloading process, and in attempting to throw the plate below, overbalanced and fell into the hold of the vessel, sustaining injuries from which he died. The Industrial Accident Commission found that Hayes, while employed as a stevedore, sustained injuries occurring in the course of and arising out of his employment. Over the objection of the petitioners that the commission had no jurisdiction over the claim for death benefits, the commission made an award in favor of the applicants below for a death benefit amounting to the sum of three thousand nine hundred dollars. Within due time thereafter the defendants filed an application for a rehearing, alleging that the commission in making the award acted without and in excess of its jurisdiction. A rehearing being denied, petitioners have brought this proceeding.

It is the contention of the petitioners that at the time of the accident and injury to Eugene Hayes he was engaged in the performance of a maritime contract, and in the actual performance of work of a maritime nature, thus divesting the respondent Industrial Accident Commission of jurisdiction in the premises. In response, and in opposition, to this contention that the commission was without jurisdiction to make an award in this case under the state Workmen's Compensation Act [Stats. 1917, p. 831], by reason of a conflict of the provisions of such act with the federal law maritime, respondent advances five points. Briefly stated, the first four are: (1) That the commission has jurisdiction in the premises in that the employer voluntarily elected, in the manner prescribed by section 70 of the California Workmen's Compensation Act [Stats. 1917, p. 831], to bring its employees under said act; (2) that the petitioning insurance carrier is the sole party in interest, and is directly and primarily bound by its policy contract, and is estopped to repudiate an obligation voluntarily assumed for a valuable consideration; (3) that the Industrial Accident Commission has jurisdiction by virtue of sections 24 and 256 of the Federal Judicial Code, as originally enacted October 6, 1917 (c. 97, 40 Stats. 395 [Fed. Stats. Ann. (1918 Supp.), pp. 401, 414; U. S. Comp. Stats., secs. 991, 1233]); (4) That the commission has jurisdiction in that the application of the California Workmen's Compensation Act does not contravene the essential purpose and the characteristic harmony and uniformity of the general maritime law in its interstate and international aspects.

At the time this petition was filed there were pending in this court two proceedings in *certiorari* which have since been decided and which dispose of the issues raised by this petition and the four answering contentions of the respondent just stated. (*Alaska Packers' Assn.* v. *Industrial Acc. Com.*, 191 Cal. 763 [218 Pac. 561], and *Zurich Co., Ltd.,* v. *Industrial Acc. Com.*, 191 Cal. 770 [218 Pac. 563].) Because time for a rehearing had not elapsed when the respondent commission filed its answer in this matter, it reasserted its contentions 1 and 2 referred to. Points 3 and 4 have been reasserted by the commission to save them for the record in the case if the present proceeding should later be carried to the supreme court of the United States, its declared in-

tention in that regard being to secure a reversal, if possible, of the rule laid down in *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], and *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [11 A. L. R. 114, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438]. We are satisfied with the conclusions reached and announced in the Alaska Packers' case and in the Zurich case, *supra.* They satisfactorily dispose of the contentions thus far noted in this proceeding.

[1] The fifth and last contention of the respondent, while adverted to in the Alaska Packers' case, *supra,* was not directly decided. It is that the act of Congress, approved June 10, 1922, amending sections 24 and 256 of the Judicial Code, as enacted in 1917, confers jurisdiction upon the Industrial Accident Commission in cases like that involved in this proceeding. The Judicial Code, as it stood prior to October 6, 1917 (secs. 24 and 256), vested the United States district court with original jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it," and provided that the jurisdiction thus vested in the courts of the United States in such cases and proceedings "shall be exclusive of the courts of the several states." In a proceeding involving an attempt of the Workmen's Compensation Commission of New York to assume jurisdiction in the case of a stevedore receiving injuries which resulted in his death, while unloading a ship lying in navigable waters, the supreme court of the United States held that the work of a stevedore, in which work the decedent Jensen was engaged, was maritime in its nature; his employment was a maritime contract; the injuries which he received were likewise maritime, and the rights and liabilities of the parties in connection therewith were matters clearly within the admiralty jurisdiction (*Southern Pac. Co.* v. *Jensen,* 244 U. S. 205, 217 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], citing *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52, 59, 60 [51 L. R. A. (N. S.) 1157, 58 L. Ed. 1208, 34 Sup. Ct. Rep. 733].) Jurisdiction was, therefore, denied to the Workmen's Compensation Commission.

Following the Jensen case, Congress, on October 6, 1917, amended the Judicial Code, sections 24 and 256, by the insertion in each section of a clause purporting to save "to claimants the rights and remedies under the workmen's compensation law of any state" (c. 97, 40 U. S. Stats. 395). This amendment to the Judicial Code was held by this court to be unconstitutional in that it violated article III, section 2, of the federal constitution extending the judicial power of the United States to all cases of admiralty and maritime jurisdiction. (*Sudden & Christenson* v. *Industrial Acc. Com.*, 182 Cal. 437 [188 Pac. 803].) In a case involving the same question the United States supreme court also held the amendment unconstitutional, declaring it beyond the power of Congress to authorize and sanction action by the states in prescribing and enforcing rights, obligations, liabilities, and remedies designed to provide compensation for injuries suffered by employees engaged in maritime work. (*Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438].)

Following these decisions the Judicial Code was again amended. On June 10, 1922, Congress once more attempted by re-enactment of sections 24 and 256 of the code to save to claimants for compensation for injuries to, or death of, persons other than the master or members of the crew of a vessel, their rights and remedies under the workmen's compensation laws of the various states. The act provided that such rights and remedies when conferred by workmen's compensation laws should be exclusive, and "that the jurisdiction of the District Courts shall not extend to cases arising out of injuries to or death of persons other than the master or members of the crew, for which compensation is provided by the workmen's compensation law of any state, district, territory or possession of the United States." (42 Stats. 634.) In our opinion the Judicial Code as last amended is still subject to the objections pointed out by this court in *Sudden & Christenson* v. *Industrial Acc. Com., supra,* and by the federal supreme court in *Knickerbocker Ice Co.* v. *Stewart, supra.* In effect, the last amendments do not differ from the earlier enactments, except that the master and members of crews are excluded from their operation, and the state compensation laws are made the exclusive remedies. Because of these exceptions the statute is

now more repugnant than it was before the last amendments, for the reason that it is discriminatory, and attempts to deprive the federal courts of jurisdiction over certain admiralty and maritime cases while vesting them with jurisdiction in others.   As was pointed out in *Sudden & Christenson* v. *Industrial Acc. Com., supra,* the federal constitution provides that the judicial power of the United States shall extend to *all* cases of admiralty and maritime jurisdiction.   It has been many times held that the work of a stevedore is maritime in its nature, and the rights and liabilities of the parties connected therewith are matters which are within the admiralty jurisdiction of the United States. (*Southern Pac. Co.* v. *Jensen, supra; Atlantic Transport Co.* v. *Imbrovek, supra.*)

Respondent admits that by this amendment ''Congress retracts the scope of the law maritime and the jurisdiction of the United States courts in admiralty so that there is no longer either a substantive maritime law or an admiralty jurisdiction in the federal courts which shall conflict with the application of state workmen's compensation acts to longshoremen.''   In addition to what we have already said, an answer to this proposition is to be found in a decision of the supreme court of the state of Washington, which was recently called upon to consider the exact question.   ''By this amendment,'' says the Washington court, ''Congress attempted to take from the district courts jurisdiction where the workmen's compensation law of any state, district, or territory had given a remedy.   It was an attempt, in effect, to bring within the workmen's compensation law of any state or territory a branch or a part of the admiralty jurisdiction of the United States . . . but Congress has not the exclusive right in determining where matters which are within the admiralty jurisdiction of the · United States shall be adjudicated. Article III, section 2, of the federal constitution provides in part as follows: 'The judicial power shall extend to . . . all cases of admiralty and maritime jurisdiction.' ''   The court then goes on to review a number of leading cases decided by the supreme court of the United States relating to the subject, and says: ''In *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438], the 1917 amendment, as above stated, was held to be unconstitutional.   The same reasons which

defeated the constitutionality of that act would apply here to the effect that the state law cannot encroach upon admiralty matters, where to do so would work material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international and interstate relations. This court is not holding the 1922 amendment, wherein it attempts to divest the district court of jurisdiction, of no effect. The more precise question is whether the state has a right to encroach upon the general maritime law in a way that would affect its harmony and uniformity in its interstate relations. . . . The bringing of an employer engaged in the stevedore business within the provisions of the Industrial Insurance Act would take from the admiralty jurisdiction conferred by the federal constitution upon the United States and vest it in the state. As we read the decisions of the federal supreme court, this may not be done, because to do so, as pointed out in *Southern Pacific Co.* v. *Jensen, supra,* and *Knickerbocker Ice Co.* v. *Stewart, supra,* would work material prejudice to the characteristic features of the general maritime law, and interfere with the proper harmony and uniformity of that law in its international and interstate relations." (*State* v. *W. C. Dawson & Co.*, 122 Wash. 572 [211 Pac. 724].) The opinion of the Washington court, above quoted, was first rendered in department. On rehearing, the holding in the department opinion was adhered to. (*State* v. *W. C. Dawson & Co.*, 122 Wash. 572 [212 Pac. 1059].)

In this case, as in the Washington case, reliance has been placed upon a line of decisions which hold that where a stevedore is working on the dock, which is but an extension of the land, and there receives his injury, he has a common-law right of action which may, under certain circumstances, be withdrawn and he be permitted or required to take under a Workmen's Compensation Act. (*State Ind. Com. of N. Y.* v. *Nordenholt Corp. et al.*, 259 U. S. 263 [25 A. L. R. 1013, 66 L. Ed. 933, 42 Sup. Ct. Rep. 473].) That case clearly differentiates the contention made by respondent and points out the line of demarcation between those cases which fall strictly within the maritime jurisdiction and those which, because of their nature, are cognizable under state statutes. [2] A stevedore who works upon a boat or upon navigable

waters does not have a common-law right of action which may be withdrawn and he be permitted or required to take under a compensation act. In the Nordenholt case the distinction was pointed out and the court said: "When an employee, working on board a vessel in navigable waters, sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land."

It follows, therefore, that the respondent Industrial Accident Commission acted without and in excess of its jurisdiction in this matter.

The award is annulled.

Lennon, J., Kerrigan, J., Myers, J., Seawell, J., Lawlor, J., and Wilbur, C. J., concurred.