[Civ. No. 5106.    Second Appellate District, Division One.—October 31, 1925.]

## F. C. BEYERLE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO EMPLOYEE ON NAVI-GABLE WATERS — JURISDICTION OF INDUSTRIAL ACCIDENT COMMIS-SION.—Where a person's employment is of a mixed character, part of his duties occupying his time in a lumber-mill located on land

―――――

Applicability of state compensation act to injury within admiralty jurisdiction, notes, 25 A. L. R. 1029; 31 A. L. R. 518. See, also, 27 Cal. Jur. 319.

and a considerable portion of his work consisting in operating or assisting in the operation of a launch and in breaking up log rafts on navigable waters, and he is injured while engaged in the latter employment, the Industrial Accident Commission of California is without jurisdiction to award compensation.

(1) 1 **C. J.**, p. 1266, n. 15, p. 1285, n. 18. Workmen's Compensation Acts, **C. J.**, p. 39, n. 85.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying compensation. Order affirmed.

The facts are stated in the opinion of the court.

A. T. Johnson and Richard M. Kew for Petitioner.

Warren H. Pillsbury, Willis I. Morrison, H. R. Kelly and E. R. Young for Respondents.

HOUSER, J.—This is a proceeding brought for the purpose of reviewing an order made by the respondent Industrial Commission in connection with a claim for compensation made by the petitioner Beyerle against the respondent Benson Lumber Company on account of alleged injuries received by the petitioner while in the employ of said company.

On the hearing of petitioner's application before the Commission it was shown that the respondent Benson Lumber Company maintains a lumber-mill at the harbor of San Diego, California; that this mill is located upon land which faces the navigable waters of San Diego Bay; that extending into the navigable waters of the bay immediately in front of its property the said respondent company maintains a log boom for the purpose of impounding logs, which consists of an area of water inclosed by a chain of floating logs anchored to piling; that during each summer season the respondent company assembles large rafts of logs on the Columbia River in Oregon; that these rafts, each of which is approximately 960 feet long and is bound together by heavy chains, are towed by tugs from the Columbia River to the harbor at San Diego, where they are anchored in the navigable waters of San Diego Bay, adjacent to but outside

of said log boom; that the first raft of the season is anchored by shoving one end upon the mud-flats along the beach, with the other end extending out into deep water, and the succeeding rafts are moored outside of the first raft and anchored to dolphins by means of chains; that these rafts are then broken up and the logs are either placed within the said boom area or are towed to the respondent company's wharf and then lifted from the water to cars for shipment by rail; that the work of breaking up the rafts and handling the logs is performed by means of a floating derrick scow and a gasoline power boat, both of which are operated by the respondent employer; that the derrick scow is about thirty feet wide and sixty feet long, upon which is mounted a large derrick or crane; that this derrick scow is towed around from place to place on the waters of the bay by a boat which is propelled by gasoline motor; that the aforesaid operations were all performed upon navigable waters by a special crew employed by respondent employer, and of which petitioner is a member; that the petitioner's duties consisted of operating the engine of the motor-boat while towing the raft, logs, and derrick barge, and in working upon the derrick scow and log rafts, assisting in the handling and breaking up of the latter; that while thus employed petitioner, on three separate occasions, sustained injuries to his right hip and leg, and on account of which injuries a claim for compensation was filed with respondent Commission; that the first of the injuries referred to occurred on May 10, 1924, when, as a result of a strong wind, rough water, and a slack tow-line, the aforesaid motor-boat, which petitioner was operating at the time and which was engaged in towing the scow outside the boom in deep water, struck a piling, causing the motor-boat to rock and petitioner to receive a severe blow on his hip; that the second injury occurred on May 15, 1924, while petitioner was at work on one of said floating log rafts from which logs were being removed by means of the derrick on the scow lying alongside a raft, when he was struck below the right knee by the grab-hooks of the derrick as he was attempting to catch these hooks in order to guide them and fasten them to one of the logs; that the third injury occurred on May 24, 1924, while petitioner was again at work on the same raft and while he was standing on the raft, anchoring the scow in

the proper place alongside the raft in order to remove logs therefrom, at which time he slipped down between two logs on the raft and again struck his right hip.

Following the hearing on petitioner's said application an order was made by the Commission dismissing the said proceeding on the ground that the Commission was without jurisdiction therein, for the reason that at the time petitioner sustained the injuries of which he complained he was working on navigable waters and was engaged in maritime employment.

For the purpose of testing the question of jurisdiction in the Industrial Accident Commission to determine the rights of the respective parties to the proceeding, the matter is brought to this court.

The case principally relied upon by the petitioner herein is that of *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157, see, also, Rose's U. S. Notes Supp.], wherein the facts were that a carpenter, who was employed upon a launched but incompleted vessel, sustained an injury. It was held that the state law, known as the Workmen's Compensation Act, applied. The court, however, pointed out that the contract for constructing the vessel "was nonmaritime, and although the incompleted structure upon which the accident occurred was lying in navigable waters, neither Rohde's general employment, nor his activities at the time, had any direct relation to navigation or commerce."

In the case of *State Industrial Com.* v. *Nordenholt Corporation*, 259 U. S. 933 [25 A. L. R. 1013, 66 L. Ed. 933, 42 Sup. Ct. Rep. 473], a longshoreman was injured on a dock while he was assisting in the unloading of a cargo from a vessel. It was held that the dock was an extension of the land and that the state statute could be made effective without material prejudice to the general maritime law.

While, in addition to the foregoing cases, a long list of authorities has been submitted in support of the several contentions of the parties to the controversy, for the reason that in similar proceedings recently had before the supreme court of this state, like questions on analogous facts, with identical authorities, were fully considered, it becomes necessary to determine herein only the applicability in

principle of the cases heretofore decided by the supreme court of California to the facts of the instant case, and therefrom to deduce a conclusion as to the questions submitted in this proceeding.

The first case is that of *Alaska Packers' Assn.* v. *Industrial Acc. Com.,* 191 Cal. 763 [218 Pac. 561]. Therein it was shown that for a number of years preceding the happening of the accident the petitioner had been a seaman and fisherman on annual voyages made from the city of San Francisco to Alaska waters by a bark known as "Star of England." On one of its return trips to the bay of San Francisco and while the vessel was lying afloat in navigable waters of said bay, the petitioner therein was engaged in working upon the said boat as a rigger to make it ready again for sea travel. His duties at that time consisted in going over the ropes attached to the yards of the vessel, looking for defective equipment. When a defective rope was found he took it ashore for the purpose of repairing same. He was injured while removing a rotten foot-rope from the yardarm of the vessel. It thus appears that the employment of the rigger was similar to that of the petitioner in the instant case, in that a part thereof was to be done on board a boat afloat in navigable waters and the remainder of his work was to be performed by him on shore. The court held that the employment being maritime in its nature, the rights and liabilities connected therewith were within admiralty jurisdiction.

The next case to which attention is directed is that entitled *Zurich General Acc. etc. Co.* v. *Industrial Acc. Com.,* 191 Cal. 770 [218 Pac. 563]. The facts in that case were that one Denny was employed as a dredger deck-hand and launch operator. His work was performed mainly upon a dredger operating on navigable waters. He was drowned while engaged upon an errand in connection with his employment in attempting to proceed from the dredger to the shore in a motor-launch which was afloat in navigable waters. The principal authorities relied upon by the employee for the purpose of establishing the jurisdiction of the Industrial Accident Commission were reviewed by the supreme court and the conclusion reached that such Commission was without jurisdiction.

In the case of *James Rolph Co.* v. *Industrial Acc. Com.*, 192 Cal. 398 [220 Pac. 669], it appears that one Hayes was employed and was engaged in the capacity of stevedore upon a vessel which was discharging its cargo at a dock. On the morning of the accident before going to the hold of the vessel where he was required to work, Hayes secured an iron plate used in the unloading process of the vessel and in attempting to throw the plate below, overbalanced and fell into the hold of the vessel, sustaining injuries from which he died. It was held that the Industrial Accident Commission was without jurisdiction therein.

In *Grant Smith-Porter Co.* v. *Rohde*, 257 U. S. 469 [25 A. L. R. 1008, 66 L. Ed. 321, 42 Sup. Ct. Rep. 157], the general rule is announced that "in contract matters, admiralty jurisdiction depends upon the nature of the transaction, and in tort matters upon the locality." [1] In our present case petitioner's employment apparently was of a mixed variety. Part of his duties occupied his time in a lumber-mill located on the land, and a considerable portion of his work consisted in operating, or assisting in the operation, of a launch and in breaking up log rafts. Petitioner's injuries occurred while engaged in the latter employment; that is to say, his first injury occurred while he was operating the launch and in towing a derrick scow on navigable waters; and he sustained his second and his third injury while performing services as a member of the crew of the derrick scow, but while actually standing on a log raft— all in navigable waters.

If the question of "contract" as between the petitioner and the lumber company may be said to enter into the correct determination of the controversy, it is clear that the contract included a matter of a maritime nature, and hence that admiralty jurisdiction would prevail. On the other hand, if for the sole purpose of determining jurisdiction, the relationship of the employer and the employee be left out of consideration, the injuries sustained by the petitioner might then assume an aspect comparable with a tort committed in navigable waters, and from such a standpoint the jurisdiction would be in admiralty.

It follows that the order of the Industrial Accident Commission should be affirmed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 30, 1925.