STEPHANIA KURSA and WILLIAM HORMAN, Administrators, etc., of MATWAY KURSA, Deceased, Appellants, v. OVERSEAS SHIPPING COMPANY, INC., Respondent.

* See Civ. Prac. Act, § 289.— [REP.

— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event. As to maritime torts, the general right of action for injuries resulting in death remains what it was before the passage of the Workmen's Compensation Law. (*Warren* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 445, 447.) It is immaterial whether these workmen's compensation laws are elective or compulsory. Neither can displace the admiralty jurisdiction of the Federal courts or the common-law jurisdiction of the Supreme Court of the State. (*Christensen* v. *Morse Dry Dock & Repair Co.*, 216 App. Div. 274.) The New Jersey Death Statute, like the New York statute,* gives a right of action for damages for a "wrongful act, neglect or default," which causes death. The governing principle is the *locus injuriæ*. One mortally injured on navigable waters leaves behind a right of action in favor of his survivors notwithstanding he was permitted to die on land. (*The Chiswick*, 231 Fed. 452; *The Anglo-Patagonian*, 235 id. 92.) Rich, Jaycox, Young, Kapper and Lazansky, JJ., concur.