CHARLES STRAVINSKY, Respondent, *v.* ELLERMAN WILSON LINE, LTD., Defendant, and JOHN T. CLARK & SONS, INC., Appellant.

*Negligence — jurisdiction — action by longshoreman to recover for injury received while discharging cargo from steamer at wharf in Hoboken — defense that Workmen's Compensation Law is exclusive remedy properly stricken out.*

*Stravinsky* v. *Ellerman Wilson Line, Ltd.,* 216 App. Div. 796, affirmed.

(Argued June 8, 1926; decided July 9, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 16, 1926, which affirmed an order of Special Term striking from the answer an affirmative defense. The action was brought to recover damages for personal injuries sustained by the plaintiff, an employee of the defendant John T. Clark & Sons, Inc., while engaged as longshoreman in loading and discharging cargo upon and from the steamship *Marengo,* lying at Hoboken, in the State of New Jersey. The answer pleaded as a defense that the Workmen's Compensation Law of the State of New Jersey governed the case and provided an exclusive remedy. The following question was certified: " Is the defense consisting of new matter contained in the answer of the defendant, John T. Clark & Sons, Inc., sufficient in law upon the face thereof? "

*Theodore H. Lord* and *James B. Henney* for appellant.
*Harold R. Medina* for respondent.

Order affirmed, with costs; question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.