MANUFACTURERS' LIABILITY INSURANCE COMPANY, Insurance Carrier, and Another, Plaintiffs, *v.* JAMES A. HAMILTON and Others, Defendants.

*Supreme Court, New York County, May 21, 1927.*

**Workmen's compensation — jurisdiction — employee, injured standing on floor of " graven dry dock " working on keel of vessel lying therein, has remedy under Workmen's Compensation Law.**

An employee who was injured while standing on the floor of a so-called " graven dry dock," at work on the keel of a vessel lying therein, has a remedy under the Workmen's Compensation Law, and plaintiffs, the insurance carrier, and the employer, are not entitled to an alternative order of prohibition to enjoin the State Industrial Commissioner and others from enforcing the payment of an award for compensation made in said employee's favor.

APPLICATION for an alternative order of prohibition.

*Paul Koch,* for the plaintiffs, for the motion.

*Albert Ottinger, Attorney-General,* in opposition.

LEVY, J. This is an application for an alternative order of prohibition to enjoin the State Industrial Board from proceeding with the award made in favor of one Patrick J. Fitzsimmons, who was injured while in the employ of the Robins Dry Dock and Repair Company. The facts surrounding the accident are very similar to those described in *Butler* v. *Robins Dry Dock & Repair Co.* (240 N. Y. 23). The employee, while working as a riveter on the keel of a vessel known as the steamship *Capillo,* which was then lying in dock No. 1, a so-called " graven dry dock," was injured while standing on the floor of the dock. A graven dock is distinguished from a floating dock in that the former is permanently attached to the land. The injured person made an application for compensation under the statute, and the employer and its insurer, the petitioners herein, appeared and opposed the claim. An award was made and an appeal taken, which is still pending. Thereafter a second award was made covering a subsequent period. While an appeal was taken from this award also, it was not done in time and is thus ineffectual. An endeavor was then made to reopen the case before the Industrial Board on the ground of lack of jurisdiction, but this was denied and the Attorney-General directed to enforce the judgment by execution. To prevent this the order of prohibition is sought.

It is urged in support of the application that the place where the accident occurred is within the exclusive admiralty juris-

diction, and the Workmen's Compensation Law has, therefore, no application. If the opinion in the *Butler* case be taken as the test, the objection to jurisdiction would seem sound. But since that decision was handed down, the United States Supreme Court in *Millers' Indemnity Underwriters* v. *Braud* (270 U. S. 59) in effect overruled that case, under a parallel state of facts. In that case, plaintiff's intestate while employed as a diver by a ship-building company submerged himself from a floating barge anchored in a navigable river in Texas thirty-five feet from the bank, for the purpose of removing an obstruction to navigation. While thus submerged, he died of suffocation due to the failure of the air supply. Damages were recovered from the employer's insurer under the Workmen's Compensation Law of Texas. Affirming this award, the Supreme Court said (at p. 64): " In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state Compensation Act; but the matter is of mere local concern and its regulation by the State will work no material prejudice to any characteristic feature of the general maritime law. The act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist."

In *Matter of Lahti* v. *Terry & Tench Company, Inc.* (240 N. Y. 292) the Court of Appeals reversed an award made to a workman who was injured while standing on a floating raft in navigable waters, for the purpose of constructing a pier. The United States Supreme Court (*State Industrial Board* v. *Terry & Tench Co.*, 273 U. S. 639) reversed this holding in a memorandum opinion, on the authority of *Millers' Indemnity Underwriters* v. *Braud (supra).* This would seem decisive of the question of jurisdiction, and it becomes unnecessary to consider the technical right of the petitioners under the circumstances to a prohibitive order, as the award is entirely proper.

This motion is, therefore, denied, with costs.