## INDEPENDENCE INDEMNITY CO. v. MANSFIELD. (No. 1638.)

Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1928.

Rehearing Denied Feb. 22, 1928.

1. **Admiralty ⬅️20—Maritime injury in navigable waters to one engaged in maritime work, under contract directly affecting navigation or commerce, falls within exclusive jurisdiction of admiralty; "mere local concern" (Workmen's Compensation Act).**

When maritime injury occurs in navigable waters to one engaged in distinctive maritime work, under contract directly affecting navigation or commerce, exclusive jurisdiction is vested in admiralty, and matter is not one of "mere local concern" within jurisdiction of Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

2. **Admiralty ⬅️20—Where pipe fitter, previously employed by master on land, was injured on steamship in cleaning tanks to receive interstate cargo, injury held within exclusive jurisdiction of admiralty; "mere local concern" (Workmen's Compensation Act).**

Where pipe fitter, who had previously been employed by master on land at oil refinery, was sent on steamship to clean its tanks in preparation for its receipt of interstate cargo of cylinder oil, and was injured by falling on pipe while so engaged, injury *held* within exclusive jurisdiction of admiralty and not matter of "mere local

concern" so as to fall within state Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Local Concern.]

**3. Admiralty ⬅18—Tort, maritime in nature, falls within admiralty jurisdiction, unless matter of mere local concern.**

Where tort is maritime in its nature, it falls within jurisdiction of admiralty, unless it is a matter of mere local concern.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Proceeding under the Workmen's Compensation Act by Ben Mansfield, employee, against the Independence Indemnity Company, insurer. Compensation awarded, and insurer brought suit in district court to set aside award, and the employee brought a cross-action. From a judgment awarding compensation, the insurer appeals. Reversed and rendered.

C. A. Lord, of Beaumont, for appellant.

Tom C. Stephenson, of Beaumont, for appellee.

WALKER, J. On the 2d day of November, 1926, Ben Mansfield was in the employment of the Pure Oil Company, a corporation, as pipe fitter foreman at its refinery situated on the banks of the Neches river at Smith's Bluff, Jefferson county, Tex. The Neches river is a navigable stream flowing into the Gulf of Mexico through Sabine Lake, and is directly connected with the Gulf by a ship channel leading from its mouth to Sabine Pass. Large ocean-going ships use this channel and river in interstate and international commerce, and those loading at the docks of the Pure Oil Company at its refinery at Smith's Bluff pass down the river into the Gulf through the ship channel and from there sail to their destination. The Pure Oil Company carried compensation under the provisions of the Workmen's Compensation Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) with appellant, Independence Indemnity Company, for the benefit of its employees entitled to the provisions of the act. Ben Mansfield's contract called for services upon the land, and it is conceded that in the discharge of the duties of his regular employment he was within the provisions of the act and entitled to compensation by appellant for injuries that he might receive while so employed. Prior to the 2d day of November, 1926, he had never been ordered by his employer to do work upon its ships, but on this day, because of a shortage of hands upon its steamship Hutton, chartered by it for use in its interstate commerce, and anchored at its said wharf in navigable water, he was ordered to assist in cleaning the tanks of this ship to prepare them for a cargo of high-grade cylinder oil to be immediately loaded by the Pure Oil Company from its wharf at Smith's Bluff for transportation to Marcus Hook, Pa.; and, in fact, this ship was so loaded as soon as its tanks were properly cleaned, and delivered its oil as per its charter. While assisting in cleaning the tanks, Ben Mansfield stepped upon a piece of piping, was thrown to the floor, and suffered the injuries forming the basis of this action. The work of cleaning the tanks was not in his usual line, that of a pipe fitter, but was simply cleaning oil tanks, which was necessary before the ship could be loaded, and was the first work of this kind he had ever done. Though the ship was not owned by the Pure Oil Company, it was chartered by it, and the master and all the servants of the ship were paid by it. In cleaning this tank, Mansfield was not acting under orders of the master of the ship, but received his orders and was working under the direction of his superiors upon the land. Mansfield's pay was in the usual course of his employment. It was necessary for him to obey the orders of his master to go upon the ship and do this work on penalty of being discharged. Having worked on the land under the protection of the Workmen's Compensation Act, he made no protest when ordered upon the ship, nor did he give his master written notice or notice in any way that he did not expect to come under the provisions of the act in the discharge of his duties upon the ship.

After his injury, Mansfield prosecuted his claim against appellant before the Industrial Accident Board and was allowed compensation on the finding that his employment brought him within the terms of the Workmen's Compensation Act. From this order appellant prosecuted its appeal in due time to the district court of Jefferson county, Tex., where, upon a trial de novo, he was again allowed compensation on findings of fact and conclusions of law bringing him within the provisions of the act. The case is now before us upon the proposition duly raised by appellant's pleading that Ben Mansfield's injury was of a maritime nature, and therefore the application of the Workmen's Compensation Act of this state was excluded by the paramount force of the law maritime of the United States. For a full analysis of this act as it bears upon this proposition, we refer to and adopt the statement made by Mr. Justice McReynolds in Millers Indemnity Co. v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470, a case originating in its appeal in this court. Appellee answers this proposition by saying that the circumstances surrounding and contributing to his injury were matters of mere local concern, subject to regulation by the state, and to permit him to recover his compensation and subject his claim to the jurisdiction of the Industrial Accident Board administering the provisions of the Texas Work-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

men's Compensation Act would work no material prejudice to any characteristic feature of the general law maritime.

Appellee's proposition is taken direct from the Braud Case, supra, and, if the circumstances contributing to his injury were matters of "mere local concern," then the Industrial Accident Board had jurisdiction of this claim and the judgment of the district court confirming the decree of the board should be affirmed. The following propositions are deducible from the record:

(a) The steamship Hutton was engaged in interstate commerce.

(b) The work being performed by Ben Mansfield at the time of his injury was maritime in its nature.

(c) His injuries were the result of a maritime tort.

(d) His general employment was nonmaritime and had no relation whatever to maritime matters.

(e) The particular work he was doing at the time of his injury was all the work of a maritime nature he had ever performed for his master.

(f) His master carried compensation insurance under the provisions of the Workmen's Compensation Act of this state with appellant as insurer.

(g) Appellee was protected by this insurance in the performance of his general duties under his contract.

(h) He made no protest against doing this maritime work and gave no notice that he was not looking to the provisions of the Workmen's Compensation Act for protection.

(i) After his injury, he gave all notice and took all necessary steps to protect his claim, and prosecuted his rights under the Workmen's Compensation Act.

(j) He duly filed and duly prosecuted his claim to a final decree before the Industrial Accident Board.

(k) All necessary steps were taken by appellant to perfect its appeal from that decree to the district court of Jefferson county and from the district court of Jefferson county to this court.

[1] On this statement of the case, does appellee's claim come within the rule announced in Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, that matters which are not of mere local concern, because of their special relation to commerce and navigation, are beyond the regulatory powers of the state; or does it come within the doctrine of the Brand Case, excluding from admiralty jurisdiction a maritime tort to which the general admiralty jurisdiction would extend, save that the matter is of mere local concern, and its regulation by the state works "no material prejudice to any characteristic feature of the general maritime law"? the statement of these respective propositions suggests the most interesting question as it affects the operation of the compensation acts of the states: What are matters of "mere local concern"? In attempting to deduce a working definition of this term, one of the appellate courts of California said, in London Guarantee & Accident Co. v. Industrial Acc. Com'n, 256 P. 859, rehearing denied May 26, 1927:

"It can hardly be said that the body of judicial decisions is sufficiently diversified as yet to permit any broad generalization definitive of the class called cases of local concern. The law of the subject is still in a formative stage, and intervening between the dominant maritime class and the territorial class is a twilight zone which will doubtless narrow, little by little, as the marginal lines become more sharply delimited under the process of judicial paring. At present we may, however, make certain general deductions from the decisions of authoritative rank.

"When a maritime injury occurs in navigable waters to one engaged in distinctive maritime work under a contract directly affecting navigation or commerce, the necessity of preserving the freedom of interstate and international navigation and commerce commits the case to the exclusive jurisdiction of admiralty. Under such circumstances the maritime jurisdiction is established by the conjunction of the locus of the accident and the nature of the employment. When, however, such concurrence is wanting, the rule of uniformity may be relaxed, where the circumstances permit relief to be advantageously afforded by the local law without conflict with the tribunals of the sea. And particularly is this course allowable when the work, though performed on navigable waters, is under a nonmaritime contract; and likewise when, though the employment is maritime, the locus of the accident is so related to the territorial jurisdiction that antagonism will not be bred by according paramountcy to the local law rather than to the general maritime law as administered in admiralty."

This statement by the California court was based upon an extended review of many authorities, and while most general in its terms is probably as clear a statement as can be made at this time. The following authorities, in addition to those cited and reviewed in the case just quoted from, discuss this question, but neither the proposition announced nor the facts upon which they are based go further in announcing a general proposition to guide the courts in their application of the principles of "mere local concern": Lindberg v. Southern Cas. Co. (D. C.) 15 F.(2d) 54; Oakland v. I. A. C., 198 Cal. 273, 244 P. 353; Johnson v. Swonder, 84 Ind. App. 155, 150 N. E. 615; Jones v. Ice Mfg. Co., 162 La. 151, 110 So. 182; Messel v. Foundation Co., 274 U. S. 427, 47 S. Ct. 695, 71 L. Ed. 1135; Kursa v. Shipping Co., 217 App. Div. 775, 217 N. Y. S. 194; Alaska Packers Ass'n v. Commission (Cal. Sup.) 253 P. 926; Toland's Case (Mass.) 155 N. E. 602; Stravinsky v. Ellerman Wilson Line, 243 N. Y. 580, 154 N. E. 613; Fitzgerald v. Lighterage Co., 244 N. Y. 132, 155 N. E. 74; Eclipse

v. Department, 141 Wash. 172, 251 P. 130; London G. & A. Co. v. Commission (Cal. App.) 256 P. 857; Mfrs. Liab. Ins. Co. v. Hamilton, 129 Misc. Rep. 665, 222 N. Y. S. 394; Meyers v. Hankins Bros., 5 La. App. 190.

[2] Appellee would take this case out of the doctrine of the Jensen Case and rule it by the doctrine in the Brand Case on two grounds: (1) Cleaning of the tanks was a matter of mere local concern; and (2), Ben Mansfield's general work being nonmaritime, his incidental work on the ship at the time of his injury did not subject him to admiralty jurisdiction. We cannot agree with his propositions. Cleaning the tanks was an essential element of the commerce in which the steamship Hutton was engaged. It could not receive its cargo until its tanks were cleaned, and they were cleaned for the distinct purpose of receiving the cargo with which it was immediately loaded for interstate transportation. The task in which appellee was engaged related directly to commerce and navigation, and was for the purpose of assisting the steamship Hutton in the discharge of a maritime obligation. It was a contract of navigation and commerce on navigable waters, bringing the conditions of appellee's injury directly within the doctrine of the Jensen Case. We think the circumstances of this case bring it directly within the rule announced by this court in Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 S. W. 531.

[3] Nor does the circumstance that appellee's general employment was nonmaritime give him the protection of the Workmen's Compensation Act. That the employment was mixed, partly on the land and partly maritime, does not make his employment of "mere local concern" and give him the benefit of the Workmen's Compensation Act for this injury received by him in maritime employment. This was directly held in Alaska Packers' Association v. I. A. C., 191 Cal. 763, 218 P. 561, Beyerle v. I. A. C., 75 Cal. App. 19, 241 P. 894, and Jones v. Ice Mfg. Co., 162 La. 151, 110 So. 182. In the last case the Ice Manufacturing Company had a contract to ice a ship lying on navigable waters. It sent the ice to the ship by one of its employees regularly engaged in its land service. As no one was on board the ship to receive the ice, this servant, under orders of his master, undertook to store it in its proper place. While attempting to do this, he was killed. He was being paid by the Ice Manufacturing Company, and the ship was to pay the Ice Manufacturing Company for the ice and the expenses of its delivery. It was held that the accident was maritime in its nature and not within the provisions of the Workmen's Compensation Act of the state of Louisiana (Act No. 20 of 1914, as amended). The rule is that a tort maritime in its nature comes within the rules of admiralty (Knickerbocker v. Stewart, 253 U. S. 149, 40 S. Ct. 438,

64 L. Ed. 834), unless it is a matter of mere local concern. Since the circumstances of appellee's injuries were not matters of mere local concern, that he was injured out of the course of his usual employment is without effect in law.

From what we have said, it follows that the judgment of the trial court awarding compensation to appellee must be reversed, and judgment here rendered setting aside the award of the Industrial Accident Board and the award of the district court, and dismissing appellee's cross-action on the ground that his claim does not come within the provisions of the Workmen's Compensation Act. Perkins v. U. S. Fid. & Gy. Co. (Tex. Com. App.) 299 S. W. 213.