## EMMONS v. PACIFIC INDEMNITY CO.
### No. 4458.

Court of Civil Appeals of Texas. Beaumont.
May 29, 1947.

Rehearing Denied June 18, 1947.

Fisher & Tonahill, of Jasper, for appellant.

Strong, Moore & Nelson, of Beaumont, for appellee.

COE, Chief Justice.

This is an appeal from a judgment sustaining a plea to the jurisdiction and dismissing a suit brought by appellant, Jessie V. Emmons, in the district court of Orange county, Texas, against appellee, Pacific Indemnity Company, under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The plea to the jurisdiction was sustained on the theory that the evidence showed that if the plaintiff received an injury that the injury occurred upon a navigable stream while plaintiff was engaged in maritime service and, therefore, it was within the exclusive jurisdiction of admiralty.

Appellant brought this suit in the district court of Orange county, seeking a workman's compensation benefits under the Texas Workmen's Compensation Act for an injury alleged to have occurred on March 27, 1946, while appellant was an employee of Levingston Shipbuilding Company in Orange county, Texas. The appellee filed its plea to the jurisdiction, praying that the court dismiss the cause for lack of jurisdiction on the ground that if appellant sustained an injury that the injury was sustained while the appellant was engaged in reconstructing and repairing a barge which was a part of the work of the Levingston Shipbuilding Company, and which injury, if any, occurred on a navigable stream, to-wit, the Sabine river. Upon the conclusion of the evidence, on appellee's plea to the jurisdiction, the trial court sustained such plea and dismissed appellant's suit, from which judgment he has properly prosecuted this appeal.

The sole question presented for our decision is whether the alleged injury sustained by appellant on or about March 27, 1946, was of a maritime nature exclusively within the jurisdiction of admiralty. The evidence shows that the Levingston Shipbuilding Company was engaged in constructing ships, barges, tugs and other naval crafts, and in repairing and reconverting the same character of crafts; that appellant was employed as a chipper by said company, employed to do work as a chipper on any and all jobs of the Levingston Shipbuilding Company; that he worked on jobs in accordance with the instructions from his foreman; that on the particular night of his injury he was chipping on a deckhouse on a barge when the scaffold fell and he fell to the bottom of the barge; that the barge was located in the Sabine river at the time of the injury and that he was engaged in building a deckhouse in reconverting the barge into a fuel barge, and that the barge was an old barge having been launched in 1943, that at the point where the barge was anchored in the Sabine river, such river was a navigable stream, that the barge upon which appellant was working at the time of his alleged injuries was capable

of being towed in navigable waters and capable of being moved from place to place and capable of carrying cargo on navigable waters. At the time of appellant's alleged injuries, he was working on a job of converting said barge into a fuel transportation barge, that the work necessary was to install heating coils, pumping units and deck-house, that after the work on the barge had been completed, it went into service as a fuel barge for the Andrews Transportation Company of Houston.

■ Appellant contends that his employment as a chipper and the work being done by him at the time of his alleged injuries for the Levingston Shipbuilding Company of Orange county, Texas, are of local concern, falling within the jurisdiction of the district court of Orange county, and not exclusively maritime in nature and within the jurisdiction of admiralty. Appellant relies heavily upon the case of Davis v. Department of Labor & Industries of the State of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, in support of his contention. While this case seems to have gone further than any other in permitting injured employees to recover under the local compensation laws where there is any doubt as to the nature of the work being maritime or nonmaritime, we do not feel that it goes so far as to hold that an employee while engaged in reconverting an old barge anchored in navigable waters would fall within the so-called twilight zone and thereby extend to such employee the benefits of the local compensation laws. We believe the correct rule is stated in 2 Corpus Juris Secundum, Admiralty, § 38, page 98, which is as follows:

■ "It is settled that a contract to build a ship, or to supply material for the construction thereof, is nonmaritime, and not within the jurisdiction of admiralty. The rule includes a contract for work or material to complete a vessel after the hull has been launched; but, distinguishing reconstruction from construction, the rule does not include a contract for work or material by way of alteration, even if extensive, for example, equipping a completed vessel for a particular kind of service, or lengthening a vessel which has been employed in navigation; such contracts are maritime and within the jurisdiction of admiralty." This rule finds support in Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372; Baizley Iron Works v. Span, 281 U.S. 222, 50 S.Ct. 306, 74 L. Ed. 819; Great Lakes Dredge & Dock Co. v. Kierejewski, 261 U.S. 479, 43 S.Ct. 418, 67 L.Ed. 756; Independence Indemnity Co. v. Mansfield, Tex.Civ.App., 2 S.W. 2d 547. See also The Jack-O-Lantern, 258 U.S. 96, 42 S.Ct. 243, 66 L.Ed. 482; American Shipbuilding & Dock Corporation v. John Rourke & Sons, 5 Cir., 4 F.2d 845.

■ We also take it to be settled that a state Workmen's Compensation Act is inapplicable if the person injured was so employed in a maritime service and was injured while on a navigable stream. This rule is clearly stated in 2 Corpus Juris Secundum, Admiralty, § 62, pages 125–130: "The exclusive jurisdiction over maritime cases, * * * vested in the federal courts by constitutional and statutory provisions, will prevent the application of the workmen's compensation act of a state, if applicable otherwise, to cases of disability or death, arising out of maritime services, although the general nature of the employment may not be maritime, unless the injury is received on land, on water that is not navigable, or the service in question is merely local in character." This seems to have been the rule since the decision in the Jensen case (Southern Pacific Co. v. Jensen), reported in 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann. Cas.1917E, 900. See also Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834, 11 A.L.R. 1145; State of Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646; 25 A.L.R. 1032; State v. W. C. Dawson & Co., 122 Wash. 572, 211 P. 724, 212 P. 1059, 31 A.L.R. 518; 56 A.L.R. 352.

■ The fact that an injured workman is injured while only temporarily engaged in a maritime service is sufficient to make the state Workmen's Compensation Act inapplicable even though his general employment may be nonmaritime is recognized and supported by Employers Liability Assur-

ance Corporation v. Cook, 281 U.S. 233, 50 S.Ct. 308, 74 L.Ed. 823; Independence Indemnity Co. v. Mansfield, supra.

 Appellant makes no contention that a barge is not a vessel within the exclusive admiralty jurisdiction. In fact the rule seems to be well settled that it is. See 2 Corpus Juris Secundum, Admiralty, § 18, page 80.

From the foregoing authorities, and many others that could be cited, we are convinced that since appellant's alleged injuries were received while reconverting an old barge from a dry cargo to a fuel transportation barge, while it was moored on a navigable stream, he was engaged in maritime service and that an employee engaged to·perform such work for his employer is within the exclusive admiralty jurisdiction in performing such work, and the state Workmen's Compensation Law can not apply to any injury resulting to the employee while so engaged. It necessarily follows that we are of the opinion that the trial court properly sustained appellee's plea to its jurisdiction. Therefore its judgment sustaining such plea and dismissing the cause is affirmed.